United States District Court
Southern District of Texas
FILED

MAY 2 0 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAMES ROBERT PURYEAR,                §
*QUI TAM, EL REL.*                    §
UNITED STATES OF AMERICA,             §
                       Plaintiff      §
V.                                    §        CASE NO. B-03-236
                                      §
TEXAS STATE COURT ORDER               §
CAUSE NO. 2002-11-4528-E              §
TEXAS OAG # 0010001441,               §
                       Defendants     §

## DEFENDANT CAMERON COUNTY TEXAS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT.

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now Defendant CAMERON COUNTY, TEXAS (to include its District Court and Sheriff Conrado M. Cantu), and files its Rule 12(b)(6) Motion to Dismiss Plaintiff's original Complaint, Fed. R. Civ. Proc. 12(b)(6), and, in support hereof, shows the following:

### STATEMENT OF THE CASE.

1.    Plaintiff asks the Court to review the validity of an Order in Cause No. 2002-11-4528-E.

### PLAINTIFF'S ALLEGATIONS.

1.    Plaintiff brought this suit against Defendants TEXAS STATE COURT ORDER CAUSE # 2002-11-4528-E, TEXAS OAG # 0010001441, and SHERIFF CONRADO M. CANTU, generally alleging that because there had been no valid service of process in Cause No. 2002-11-4528-E, he had suffered violations of Fed. R. Civ. Proc. 4; the United States Code in general; the United States Constitution in general; U.S.C. Amend. 14, in

particular; and, apparently, 28 U.S.C. 1738; and 18 U.S.C. 1501.

2.      Although Plaintiff attached numerous documents to his Complaint, he did not attach the complained-of Order.

MOTION TO DISMISS UNDER RULE 12(b)(6), <em>supra.</em>

A.      Standard for Dismissal under the Rule.

1.    Defendant submits that Plaintiff failed to plead specific facts for which relief can be granted under any theory of State or federal law.   Accordingly, his lawsuit is ripe for dismissal under Rule 12(b)(6), *supra*, and, in support thereof, shows the following:

A.      A complaint should be dismissed under the Rule for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46; 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).

B.      Under that standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claim(s). Scheuer v. Rhodes, 416 U.S. 232, 236; 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974); Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir., Tex., 1986).

C.      Although Rule 12(b)(6)'s standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 927 (5th Cir., Tex., 1988).

B.      Plaintiff failed to plead specific facts showing how the Court has Jurisdiction over an Order of a State Court and Sheriff Conrado M. Cantu.

Although Plaintiff did not designate Sheriff Cantu as a defendant in his Complaint, he did so in his civil summons.  In any case, Defendant failed to plead

specific facts showing that Immunity has been waived as to the Sheriff and the State Court that issued the complained-of Order.

C.  <u>State Court Records show that Plaintiff submitted himself to the Jurisdiction of the State Court.</u>

The Office of the State Attorney General's Office sued Plaintiff on behalf of Paula Maldonado to establish a parent-child relation between him and a child; said suit was filed in Cause No. 2002-11-4528-E, styled State of Texas v. James Robert Puryear. EXHIBIT A.

Said case's docket sheet shows that on 24 January and 27 March 2003, Plaintiff appeared for hearing, and on 14 May, EXHIBIT B, an Order establishing a parent-child relationship between Plaintiff of child support was entered against him. Included in the first page of said Order is a statement that Plaintiff "appeared in person." EXHIBIT C.

<u>Tex. R. Civ. Proc. 120</u> provides that "The defendant may, in person, enter an appearance in open court. Such an appearance shall be noted by the judge ..., and shall have the same force and effect as if the citation had been duly issued and served as provided by law." Accord <u>Gonzalez v. Phoenix Frozen Foods</u>, 884 S.W.2d 587, 589 (Tex. App. – Corpus Christi 1994, no writ) and <u>Dodson v. Seymour</u>, 664 S.W.2d 158, 161-62 (Tex. App. – San Antonio 1983, no writ), citing <u>Rule 120</u>, *supra*. Where a judgment recites that a particular party appeared, the recital is presumed true. <u>Dodson</u>, 664 S.W.2d at 162.

As Plaintiff's State trial file shows that he appeared before the trial court and fails to show that he filed a motion of Special Appearance, the Court may properly

dismiss his claims against Defendant Cameron County, Texas (to include its District Court and Sheriff Conrado M. Cantu) with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant CAMERON COUNTY, TEXAS (to include its District Court and Sheriff Conrado M. Cantu) prays that upon final trial and hearing, its Rule 12(b)(6) Motion to Dismiss be granted; that Plaintiff take nothing by his suit, that Defendant recover all costs incurred herein, and that Defendant have such other and further relief at law or in equity, which it may show itself to be justly entitled.

Respectfully Submitted By:

CAMERON COUNTY'S
COMMISSIONERS COURT
CIVIL LEGAL DIVISION
964 East Harrison Street, Ste. 420
Brownsville, Texas 78520
Telephone: 956.550.1345
Facsimile: 956.550.1348

John A. Olson
Texas State Bar #15274750
Federal ID #4034
And
Dylbia L. Jefferies
Texas State Bar #00786515
Federal ID #17065
Attorneys for
Cameron County, Texas

CERTIFICATE OF SERVICE.

I certify that a true and correct copy of Defendant Cameron County Texas' Rule 12(b)(6)

Motion to Dismiss Plaintiff's original Complaint, and Orders thereon, was mailed to Mr.

James Robert Puryear, POB 8976, Brownsville, Texas 78526 on May 20, 2004 by certified

mail, return receipt requested.

John A. Olson

EXHIBIT A

FILED _9:00_ O'CLOCK _A_ M
AURORA DE LA GARZA. DIST. CLERK

NCP Name:   *JAMES PURYEAR*
CP Name:    *PAULA MALDONADO*
OAG Number: **0010001441/BRN**
LAC:   **PATY**

NOV 1 3 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ DEPUTY

CAUSE NUMBER 2002 11-45.28

|  |  |  |
|---|---|---|
| IN THE INTEREST OF | § | IN THE _____ *JUDICIAL DISTRICT COURT* |
| *DIEGO PURYEAR* | § | OF |
| A MINOR CHILD | § | *CAMERON* COUNTY, TEXAS |

## PETITION TO ESTABLISH THE PARENT-CHILD RELATIONSHIP

1.      The ATTORNEY GENERAL, pursuant to Texas Family Code Chapter 231, files this pleading for which discovery is intended to be conducted under Level 2 of Rule 190, Texas Rules of Civil Procedure.

### JURISDICTION

2.      No Court has continuing jurisdiction of this suit or of the child the subject of this suit.  There are no court-ordered conservatorships, guardianships, or other court-ordered relationships affecting the child the subject of this suit.

### CHILDREN

3.      The following child residing in *CAMERON* County, *TX* is the subject of this suit:

| Name | Sex | DOB | SSN |
|------|-----|-----|-----|
| DIEGO PURYEAR | M | 6/6/94 | 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 |

No property, other than personal effects, is owned by any child the subject of this suit.

### PRESUMPTION OF PATERNITY

4.      *VICTOR MANUEL SOLIS-RANGEL*, according to Texas Family Code § 160.204, is a presumed father of the child.  The ATTORNEY GENERAL, pursuant to Texas Family Code § 160.607, denies that *VICTOR MANUEL SOLIS-RANGEL* is the biological father of the child.

### PERSONS ENTITLED TO NOTICE

5.      The child resides with the *mother*, *PAULA MALDONADO*, a resident of Texas.  The ATTORNEY GENERAL does not request the issuance and service of process on this person at this time.

6.      The *alleged father* of the child is *JAMES PURYEAR*, a resident of Texas.  The ATTORNEY GENERAL requests the issuance and service of process on this person in accordance with the attached service information sheet.

7.      The presumed father of the child is *VICTOR MANUEL SOLIS-RANGEL*, a resident of Texas.  The ATTORNEY GENERAL does not request the issuance and service of process on this person at this time.



## DETERMINATION OF PARENTAGE

8.      The Court should determine the parentage of the child subject of this suit. If any party denies parentage, the Court should immediately order parentage testing. The Court should fix a reasonable fee for such testing, order how such fee should be advanced, and tax the fee as court costs.

## CONSERVATORSHIP

9.      Because the parents of the child are separated, the Court should appoint appropriate conservators pursuant to Texas Family Code § 153.005.

## NAME CHANGE

10.     The Court should consider whether good cause exists to change the surname of the minor child to reflect parentage, if established, and enter an order concerning the name of the child pursuant to Texas Family Code Chapter 160.

## SUPPORT

11.     The Court should order appropriate current, retroactive, and medical child support for the child, including temporary support pursuant to Texas Family Code §§ 160.624 and 105.001. In determining the amount of retroactive support the Court should consider the duty of parents to support their minor child, and all applicable provisions of the Texas Family Code.

## WITHHOLDING FROM EARNINGS FOR SUPPORT

12.     The Court should order all support withheld from disposable earnings pursuant to Texas Family Code § 158.006. The Court should order all payments of support processed pursuant to Texas Family Code Chapter 231 for distribution according to law.

## REQUEST FOR PRODUCTION OF DOCUMENTS

13.     *JAMES PURYEAR* has in his possession documents that will show the nature and extent of his ability to pay child support. The ATTORNEY GENERAL, pursuant to Rule 196, Texas Rules of Civil Procedure, requests him to produce and permit the ATTORNEY GENERAL to inspect and copy the originals, or true copies, of the following documents in his possession, custody or control: (a) his IRS federal tax returns for the past two years, (b) all payroll stubs, vouchers, records of commissions and all other written records or evidence of income received by him within the last six months, (c) statements of accounts for all checking or saving accounts in which he has held an interest within the last six months, (d) all evidence (policies, premium schedules, records of premiums paid, etc.) of health insurance available at his place of employment that may provide coverage for dependent children, and (e) copies of loan applications made within the last six months. The ATTORNEY GENERAL requests production of the specified documents at:

        The Office of the Attorney General
        *CHILD SUPPORT UNIT 0308E*
        *955 WEST PRICE RD*
        *BROWNSVILLE, TX 78520*

on or before 3:00 p.m. on the 50th day following the date of service of this request.

## ATTORNEY FEES AND COSTS

14.    The Court should order *JAMES PURYEAR* to pay reasonable attorney fees and all other costs of this proceeding.

## PRAYER

The ATTORNEY GENERAL prays that the Court grant all relief requested herein. The ATTORNEY GENERAL prays for general relief.

### STATEMENT CONCERNING ALTERNATIVE DISPUTE RESOLUTION

**"I AM AWARE THAT IT IS THE POLICY OF THE STATE OF TEXAS TO PROMOTE THE AMICABLE AND NON-JUDICIAL SETTLEMENT OF DISPUTES INVOLVING CHILDREN AND FAMILIES. I AM AWARE OF ALTERNATIVE DISPUTE RESOLUTION METHODS INCLUDING MEDIATION. WHILE I RECOGNIZE THAT ALTERNATIVE DISPUTE RESOLUTION IS AN ALTERNATIVE TO AND NOT A SUBSTITUTE FOR A TRIAL AND THAT THIS CASE MAY BE TRIED IF IT IS NOT SETTLED, I REPRESENT TO THE COURT THAT I WILL ATTEMPT IN GOOD FAITH TO RESOLVE BEFORE FINAL TRIAL CONTESTED ISSUES IN THIS CASE BY ALTERNATIVE DISPUTE RESOLUTION WITHOUT THE NECESSITY OF COURT INTERVENTION."**

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

GAIL J. KAHN/WARD WILLIAM ELMENDORF
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
TEXAS BAR NO. 11071600/06588300
CHILD SUPPORT UNIT 0308E
955 WEST PRICE RD
BROWNSVILLE *TX 78520*
TELEPHONE NO. (956)544-1751
FAX NO. (956)544-5921

EXHIBIT B

# CIVIL DOCKET · JUDGE'S ENTRIES

## RULE 26-TRCP

| DATE OF ORDERS | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|---|
| | STATE OF TEXAS (PAULA MALDONADO)<br><br>VS<br><br>JAMES PURYEAR | 00001816<br>WARD WILLIAM ELMENDORF<br>955 WEST PRICE ROAD<br>BROWNSVILLE TX   78520  0000 | (09)<br>PATERNITY |

**UN DATE** ↔1 AáàýE
**UN TIME**

### COURT'S DOCKET (Rule 26, TRCP)

| DATE OF ORDERS | COURT'S DOCKET |
|---|---|
| 1-24-03 | Helmut Sppard in person. Resp. Sppard in person. Adjourned. Patty cont. Herdel Solis Roy. did not speak Spanish. Patenty established. Helmut cont. Resp. sppt. Plc. Case reset for 3/27/03 @ 9:00 am - this client is pro se does not speak Spanish. No interim c/s ordered. Hello. |
| 3/27/03 | Helmut Sppard in person. Resp. Sppard in person. Evidence ... Final orders entered. Mother primary conservator, Respondent Possessor ... Standard visitation. C/S $405.00 per month, beg. 4-15-03 (Resp ... disability & child receives $405.00 per month child support receives, until ... as such benefits are sent directly to managing conservator Respondent w... |

EXHIBIT C

### CERTIFIED COPY

NCP Name:    *JAMES R PURYEAR*
CP Name:      *PAULA MALDONADO*
OAG Number:  **0010001441/BRN**

### CAUSE NUMBER *2002-11-4528-E*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *357TH JUDICIAL DISTRICT COURT* |
| *DIEGO R PURYEAR* | § | OF |
| A MINOR CHILD | § | *CAMERON* COUNTY, TEXAS |

### FINAL ORDER ESTABLISHING THE PARENT-CHILD RELATIONSHIP

On the 27 the day of March, 2003, the Court held a hearing in this cause.

The ATTORNEY GENERAL appeared by an ASSISTANT ATTORNEY GENERAL.

*PAULA MALDONADO, mother* of the child, social security number *none*, TX DPS ID Card number *11067368*, hereinafter referred to as Obligee, appeared in person.

*JAMES R PURYEAR, father* of the child, social security number *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*,  number *none*, hereinafter referred to as Obligor, appeared in person.

The Court finds that it has jurisdiction of the parties and the subject matter of this suit and that the following orders are in the best interest of the child.

A record of the proceedings was made by audio recording.

### PARENTAGE

The Court FOUND on January 24th, 2003, that *JAMES R PURYEAR* is the biological father of the child listed below, who is the subject of this suit.

Accordingly the Court ORDERED on January 24th, 2003, that the parent-child relationship is established between *JAMES R PURYEAR* and the following child:

| Name | Sex | DOB | SSN | Birthplace |
|---|---|---|---|---|
| DIEGO R PURYEAR | M | 6/6/94 | 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 | MATAMOROS, MEXICO |

### CONSERVATORS

The Court FINDS that the appointment of the parents as Joint Managing Conservators is not in the best interests of the child.

The Court APPOINTS *PAULA MALDONADO* as the Managing Conservator of the child.

The Court APPOINTS *JAMES R PURYEAR* as a Possessory Conservator of the child.

Each parent appointed as a conservator of the child has at all times the following rights, privileges, duties, and powers of a parent:

    a.    of access to medical, dental, psychological and educational records of the child;

    b.    to consult with any physician, dentist, or psychologist of the child;

**CERTIFIED COPY**

c.      to consult with school officials concerning the child's welfare and educational status, including school activities;

d.      to attend school activities;

e.      to be designated on any records as a person to be notified in case of an emergency;

f.      to manage the estate of the child to the extent the estate has been created by the parent or the parent's family;

g.      to receive information from the other parent concerning the health, education, and welfare of the child;

h.      to confer with the other parent before making a decision concerning the health, education, and welfare of the child;

i.      to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child;

The Court designates *PAULA MALDONADO*, as Managing Conservator, with having the exclusive right to determine the primary residence of the child, and the primary physical residence of the child is with *PAULA MALDONADO*.

The Managing Conservator of the child has the following exclusive rights, privileges, duties, and powers of a parent:

a.      the right to the services and earnings of the child;

b.      the right to consent to marriage, to enlistment in the armed forces of the United States, to medical, dental, and surgical treatment involving invasive procedures, and to psychiatric and psychological treatment;

c.      the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child including the right to establish the primary residence of the child; and,

d.      except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the power as an agent of the child to act in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government.

*PAULA MALDONADO* has the exclusive right and power to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child.

During periods of possession of the child each parent appointed as a conservator of the child retains the following rights, privileges, duties, and powers of a parent, subject to any limitation imposed by court order in allowing access to the child:

a.      the right to physical possession and to direct the moral and religious training of the child;

b.      the duty of care, control, protection, and reasonable discipline of the child;

c.      the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

d.      the right to consent for the child to medical and dental care not involving an invasive procedure; and,

CERTIFIED COPY

e.    the right to consent to medical, dental and surgical treatment during an emergency involving an immediate danger to the health and safety of the child.

## POSSESSION AND ACCESS

The Court ORDERS, pursuant to Texas Family Code Chapter 153, *JAMES R PURYEAR* and *PAULA MALDONADO* to review and follow the possession and access schedule that is attached to this order and incorporated by reference.

## CURRENT CHILD SUPPORT

The Court ORDERS *JAMES R PURYEAR* to pay *PAULA MALDONADO* current child support of **$405.00 each month beginning the 15th day of April, 2003,** payable on or before that date and on or before the same day of each month thereafter while any child is less than 18 years of age or while any child is fully enrolled in an accredited school in a program leading toward a high school diploma or enrolled in courses for joint high school and junior college credit pursuant to Section 130.008, Education Code, whichever occurs last, or until every child is otherwise emancipated. The Court FINDS that *JAMES R PURYEAR* currently receives **$405.00 per month** from the Social Security Administration as benefits for the child. Once these benefits are paid by the Social Security Administration directly to *PAULA MALDONADO*, the Court ORDERS that the child support in this case will be set at **zero beginning the 15th day of the month** following date *PAULA MALDONADO* receives payment from the Social Security Administration of the child's social security benefits.

The Court further ORDERS that the child support provisions of this order shall be an obligation of the estate of *JAMES R PURYEAR*, and shall not terminate on his death.

**CERTIFIED COPY**

### FINDINGS ON HEALTH INSURANCE AVAILABILITY

The Court FINDS:

(Check only one of the following)

_____1.  (a) Health insurance is available or is in effect for the child(ren) through *JAMES R PURYEAR*'s employment or membership in a union, trade association, or other organization at a reasonable cost to *JAMES R PURYEAR*, and (b) *JAMES R PURYEAR* should be ordered to provide such insurance.

_____2.  (a) Health insurance is not available for the child(ren) through *JAMES R PURYEAR*'s employment; (b) health insurance is available for the child(ren) at a reasonable cost through *PAULA MALDONADO*'s employment or membership in a union, trade association, or other organization; (c) *PAULA MALDONADO* should be ordered to provide such insurance; and (d) *JAMES R PURYEAR* should be ordered to pay additional child support for the actual cost of such health insurance.

_____3.  (a) Health insurance is not available for the child(ren) at a reasonable cost through *JAMES R PURYEAR*'s nor *PAULA MALDONADO*'s employment or membership in a union, trade association, or other organization; (b) health insurance is available to *JAMES R PURYEAR* from another source at a reasonable cost; and (c) *JAMES R PURYEAR* should be ordered to provide such insurance.

**XX** 4.  (a) Neither parent has access to private health insurance at a reasonable cost; (b) *PAULA MALDONADO* should be ordered to apply immediately or maintain on behalf of the child(ren) for participation in a medical assistance program pursuant to Chapter 32, Human Resources Code, or the state child health plan pursuant to Chapter 62, Health and Safety Code.

_____5.  (a) Health Coverage is not available for the child under subdivisions 1 through 4 above, and (b) *JAMES R PURYEAR* should be ordered to pay *PAULA MALDONADO* a reasonable amount each month as medical support for the child.

_____6.  Good cause exists to deviate from the statutory priorities in ordering health insurance.

The Court further finds that the following orders regarding health insurance are in the best interest of the child(ren).

CERTIFIED COPY

## MEDICAL ASSISTANCE PROGRAM OR STATE CHILD HEALTH PLAN

The Court Orders *PAULA MALDONADO* to apply, within 15 days after the entry of this order, for coverage under TexCare Partnership for each child who is the subject of this suit. Upon enrollment, the Court ORDERS *PAULA MALDONADO* to maintain such health coverage in full force and effect on each child subject of this suit as long as child support is payable for that child, by paying any and all applicable fees required for the coverage, including but not limited to, enrollment fees, and premiums.

The Court ORDERS *PAULA MALDONADO* to furnish *JAMES R PURYEAR* and the Attorney General Child Support Division, a true and correct copy of the health insurance policy or certification and a schedule of benefits within 30 days following the signing of this order. The Court further ORDERS *PAULA MALDONADO* to furnish *JAMES R PURYEAR* copies of the insurance cards and any other forms necessary for use of the insurance within 30 days following the signing of this order. The Court ORDERS *PAULA MALDONADO* to, within three days of receipt by *PAULA MALDONADO*, provide *JAMES R PURYEAR* any insurance checks, other payments, and/or explanations of benefits relating to any medical expenses for the child(ren) that *JAMES R PURYEAR* incurred or paid.

## UNREIMBURSED HEALTH CARE EXPENSES

The Court, pursuant to Texas Family Code § 154.183(c), allocates the reasonable and necessary health care expenses of the child that are not reimbursed by health insurance as follows:

The Court ORDERS *PAULA MALDONADO* to pay _50_ % and ORDERS *JAMES R PURYEAR* to pay _50_ % of the unreimbursed health care expenses if, at the time the expenses are incurred, the party ordered to provide health insurance for the child is providing health insurance as ordered.

## WARNING

**A parent ordered to provide health insurance who fails to do so is liable for 100% of necessary medical expenses of the child, without regard to whether the expenses would have been paid if health insurance had been provided, and the cost of health insurance premiums or contributions, if any, paid on behalf of the child.**

The Court ORDERS the party who incurs a health care expense on behalf of the child to submit to the other party all forms, receipts, bills, and statements reflecting the uninsured portion of the health care expenses within 30 days after he or she receives them. The Court ORDERS the non-incurring party to pay his or her percentage of the uninsured portion of the health care expenses either by paying the health care provider directly or by reimbursing the incurring party for any advance payment over and above the incurring party's percentage of the uninsured portion of the health care expenses within 30 days after the non-incurring party receives the forms, receipts, bills, or statements.

These provisions apply to all unreimbursed health care expenses of any child subject of this suit that are incurred while child support is payable for that child.

## CERTIFIED COPY

### CHILD SUPPORT GUIDELINE FINDINGS

The Court FINDS, pursuant to Texas Family Code § 154.130:

(1)     the monthly net resources of the OBLIGOR per month are $ 595.00;

(2)     the monthly net resources of the OBLIGEE per month are $ -0-_____;

(3)     the percentage applied to the OBLIGOR'S net resources for child support by the actual order rendered by the Court is 20 %;

(4)     the amount of child support if the percentage guidelines are applied to the first $6,000 of the OBLIGOR'S net resources is $ 119.00;

(5)     if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount stated in Subdivision (4) are:

[_]     the Court ordered OBLIGOR to pay an additional $_____ per month current child support because OBLIGEE is ordered to provide health insurance; and

[_]     the Court subtracted benefits of $_____ per _____ paid to or for the child as a result of the OBLIGOR'S disability; and

[X]     **The Court FINDS that _JAMES R PURYEAR_ receives $405.00 per month from the Social Security Administration as benefits for the child and that payments of these benefits has not been transferred to the Obligee, _PAULA MALDONADO._**

_____

_____

_____; and

(6)     if applicable, the OBLIGOR is obligated to support children in more than one household, and:

(A)     the number of children before the court is _____;

(B)     the number of children not before the court residing in the same household with the OBLIGOR is _____; and

(C)     the number of children not before the court for whom the OBLIGOR is obligated by a court order to pay support, without regard to whether the OBLIGOR is delinquent in child support payments, and who are not counted under Paragraph (A) or (B) is _____.

### JUDGMENT ON ARREARS

The Court FINDS and confirms that _JAMES R PURYEAR_ is not in arrears in the making of regular his child support payments; therefore, no judgment as of February 28th, 2003, shall be granted .

CERTIFIED COPY

## INCOME WITHHOLDING

The Court ORDERS, pursuant to Texas Family Code Chapter 158, any employer of *JAMES R PURYEAR*, current or subsequent, to withhold income from the disposable earnings of *JAMES R PURYEAR* for the child's support as set out in the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT entered herein. Any income withheld from *JAMES R PURYEAR*'s disposable earnings for child support and paid according to this order shall be credited against his child support obligation, but shall not discharge any of his child support obligation that exceeds the amount so credited.

The Court ORDERS the Clerk of the Court, upon request, to cause a certified copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT, with a copy of Texas Family Code Chapter 158 attached, to be delivered to *JAMES R PURYEAR*'s employer.

The Court ORDERS *JAMES R PURYEAR* to provide any subsequent employer with a copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT entered herein.

## PAYMENT OF SUPPORT AND COSTS

The Court ORDERS *JAMES R PURYEAR* to pay all support to the registry of the court:

Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

for distribution according to law. All payments shall be identified by:

Obligor name *JAMES R PURYEAR*,
Obligee name *PAULA MALDONADO*,
ATTORNEY GENERAL case number *0010001441*,
cause number *2002-11-4528-E*, and
the date on which the withholding occurred.

**The Court hereby Waives court costs; therefore, no JUDGMENT for court costs shall be assessed against** *JAMES R PURYEAR*.

## STATUTORY WARNINGS

**FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.**
**FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.**
**FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.**
**EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE**

CERTIFIED COPY

**PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.**

**THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.**

**FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT AND, THE STATE CASE REGISTRY WITH CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.**

### COMPANION NOTICE

IT IS ORDERED that each parent subject to this Order has the duty to inform and shall inform the other parent if he or she marries, intends to marry, or resides for at least 30 days with another person (1) he or she knows is registered as a sex offender under Chapter 62, Texas Code of Criminal Procedure, or (2) who is charged with an offense for which on conviction that person would be required to register under Chapter 62. Such Notice must be given as soon as practicable, but not later than the 40th day after the parent begins to reside with such person, or not later than the 10th day after the date of the marriage to such a person. The Notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or the offense with which the person is charged. Failure to provide this Notice as ordered herein is a Class C misdemeanor.

### NOTICE TO THE STATE CASE REGISTRY

As is required by the preceding section, any change of a party's residential address, mailing address, home telephone number, name of employer, address of employment, driver's license number, and work telephone number are to be reported by mail to the:

> State Case Registry
> Central File Maintenance
> P.O. Box 12048
> Austin, TX 78711-2048

in addition to reporting the change(s) to the other parties and the Court.

### REVIEW

Pursuant to 42 USC 666(a)(10), a parent subject to a child support order, at least every three years, has the right to request a review of the ordered child support amounts by contacting the CHILD SUPPORT DIVISION of the ATTORNEY GENERAL.

CERTIFIED COPY

INFORMATION PURSUANT TO TEXAS FAMILY CODE § 105.006

Court:                          *357TH JUDICIAL DISTRICT COURT CAMERON* County, Texas
Cause Number:                   *2002-11-4528-E*

### PRIMARY JOINT MANAGING or MANAGING CONSERVATOR INFORMATION:

Name:                           *PAULA MALDONADO*
Residence Address:              *31 CASTELLANO CR*
                                *BROWNSVILLE TX 78526*
Mailing Address (if different):

Home Phone:                     *(956)986-0925*
Employer:
Employment Address:

Work Phone:

### JOINT MANAGING or POSSESSORY CONSERVATOR INFORMATION:

Name:                           *JAMES R PURYEAR*
Residence Address:              *34 ELEANOR ST*
                                *BROWNSVILLE TX 78521*
Mailing Address (if different):

Home Phone:
Employer:
Employment Address:

Work Phone:

Expected termination date of obligation to pay child support and of orders for possession of, or access to, a child (date of expected emancipation of all minors): 6/06/2012

The Court has not ordered that special restrictions be placed on the distribution of this information pursuant to Texas Family Code § 105.006(c).

CERTIFIED COPY

Signed this 14th day of _May_, 2003

_(signature)_

GILBERTO E. ROSAS, MASTER PRESIDING

_(signature)_

GAIL J. KAHN/WARD WILLIAM ELMENDORF
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
TEXAS BAR NO. 11071600/06588300
CHILD SUPPORT UNIT 0308E
955 WEST PRICE RD
BROWNSVILLE, TX 78520
TELEPHONE NO. (956)544-1751
FAX NO. (956)544-5921



FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

MAY 14 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY



A TRUE COPY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5-18-04
BY _____ DEPUTY