IN THE UNITED STATES DISTRICT COURT

JAMES ROBERT PURYEAR QUI TAM
EX REL UNITED STATES OF AMERICA

United States District Court
Southern District of Texas
FILED

MAY 21 2004

Michael N. Milby
Clerk of Court

CIVIL ACTION NO. B-03-236

VS.

TEXAS STATE COURT ORDER
CAUSE 2002.11.4528-E

"MOTION TO CONSULADATE" AND FINAL RULE
AND RETAIN JURISDICCION AFTER EQUITABLE RULING
TO DETERMINE VALIDITY.

NOW, COMES THE PLAINTIFF PRO SE TO MOTION THIS
HONORABLE EQUITABLE TRIBUNAL TO CONSULADATE
THE "TORT AND CIVIL RIGHTS" NATURES, SINCE
BECAUSE OF THE JUDICIAL TORTS WHICH RESULTED
IN VARIOUS VIOLATIONS OF THE U.S. CONSTITUTION
GUARANTEES TO DUE PROCESS OF LAW AND A
FAIR TREATMENT BESIDES VIOLATIONS OF
PROFESSIONAL LAW AND ETHICS AND ACTIONS
CONTRARY TO THE U.S. CODE MENTIONED IN ORIGINAL
MOTION TO ENTER FINAL RULING.    PETITION.
AT PRETRIAL.
                    RESPECTFULLY
                    SUBMITTED

                                        Signature
                                        POB 8976

EXHIBIT
CIVIL COVER SHEET

                                        Address
                                        956-541-0360
                                        Telephone Number
                                        JAMES PURYEAR
                                        Print your name

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEJAS (BROWNSVILLE)

JAMES ROBERT PURYEAR, QUI TAM
EX REL UNITED STATES OF AMERICAS

CIVIL ACTION NO. B.03.236

VS.

TEXAS STATE COURT ORDER
CAUSE 2002.11.4528-E

1, NOW COMES, THE PLAINTIFF PRO SE, TO PRESENT A LIST OF JUDICIAL TORTS AND EXHIBITS, PRIOR TO PROCEEDINGS AND,
W/OUT HAVING ACCOMPLISHED VALID JURISDIC-CION

(TORT) EVIDENCES OF JUDICIAL INTRINSIC FRAUD
BEFORE ATTEMPTING PROCESS
(TORTS) AND VOID JUDGMENTS.

LIST OF FRAUD EXHIBITS:

A - FAKE TX DRIVER'S LICENSE NUM 5056654 ASSIGNED

B - PERJURED COURT'S FINDINGS OF HEALTH INSURANCE AVAILABILITY EXHIBIT ATTACHED.

C - TRIAL COURT PREVENTED THE PROCESSING OF STATE TEXCARE PARTNERSHIP APPLICACION BEFORE ATTEMPTING PROCESS OF CITACION EXHIBITS.

D - DENIAL OF DISCOVERY MOTION (WRITTEN)

E - ENTRY OF "FINAL" ORDER W/OUT HAVING LEGAL JURISDICCION TO ACT AND NO WAIVER OF DEFECTIVE SERVICE "FALSITY" / "TAMPERING"    FRCP RULE 4(L)(m)

F - U.S. MAIL FRAUD (EXTORCION)    5 COUNTS
EXHIBITS

Signature
P.O.B. 8976

BRN 78526.8976
Address

956.346.3265
Telephone Number

THE TRIAL COURT MUST HAVE LEGAL JURISDICCION OVER THE RESPONDANT, IF NOT THE JUDGMENT IS VOID ON THE SURFACE W/OUT GOING OUTSIDE OF COURT RECORD.    TORT LIABILITY AVAILABLE (PERMITTED BY LAWS

JAMES PURYEAR
Print your name

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF BROWNSVILLE, TEXAS

JAMES ROBERT PURYEAR QUI TAM
Ex Rel UNITED STATES OF AMERICA

CIVIL ACTION NO. B-03-236

vs.

TEXAS STATE COURT ORDER
CAUSE: 2002 11 4528-E
TEXAS OFFICE OF ATTORNEY GENERAL'S
FILE # 0010001441

PRIMA FACIE EVIDENCE OF!
"WANT OF LEGAL JURISDICCION"

1. NOW COMES THE PLAINTIFF, PRO SE, TO PRESENT A PROPONDERANCE OF PRIMA FACIE EVIDENCE W/OUT GOING OUTSIDE OF THE RECORD, THAT THE:

(a) TEXAS STATE COURT ORDER, CAUSE: 2002 11 4528-E

(b) AND THE TEXAS OFFICE OF ATTORNEY GENERAL'S FILE # 0010001441, IS VOID ON THE SURFACE FOR WANT OF LEGAL JURISDICCION PURSUANT TO FRCP RULE #4 (L), (M) ET IAL SINCE NO GOOD CAUSE WAS SHOWN FOR FAILURE TO ACCOMPLISH VALID PROCESS FOR MANDATORY DISMISSAL OF CAUSE. AND SINCE NO WAIVER WAS MADE OF DEFECTIVE (LACK OF) PROCESS. A GENERAL APPEARANCE WHEN WAIVER IS MADE, AND SUBMISSION

EXHIBITS

A - COURT DOCKET PAGE (CERTIFIED)
B - CAMERON COUNTY SHERIFF'S LETTER
C - WAIVER OF SERVICE (UNEXECUTED)
D - CITATION - NOT EXECUTED
E - MOTION FOR DISCOVERY DENIED (TAMPERING)
F - PETITION TO REVOKE, RESCIND AND VACATE TEMP. ORDER, DENIED
G - VOID, COURT ORDER (FINAL) W/OUT COURT HAVING ACCOMPLISHED LEGAL JURISDICCION BY STATE.

Signature

POB 8976

BRN, 78526-8976

Address

956 541 0360

Telephone Number

JAMES PURYEAR

Print your name

**CERTIFIED COPY**

PAGE: 01

2002-11-004528-E

* * * C L E R K ' S   E N T R I E S * * *

...LA MALDONADO)

00001816
WARD WILLIAM ELMENDORF
955 WEST PRICE ROAD
BROWNSVILLE, TX.    78520 0000

60013201
NON ATTORNEY CHILD SUPPORT

...RYEAR

(09)    11  13  02
PATERNITY

| | |
|---|---|
| 11/13/02 | ORIGINAL PETITION FILED |
| 11/13/02 | ORDER SETTING HEARING/JL |
| 11/13/02 | CITATION: JAMES PURYEAR |
| 11/13/02 | SERVED: UNSERVED    FILED: 01/17/03 |
| 11/13/02 | PRECEPT: JAMES PURYEAR |
| 11/13/02 | SERVED: UNSERVED    FILED: 01/17/03 |
| 11/13/02 | AFFIDAVIT IN SUPPORT OF NONDISCLOSURE |
| | OF INFORMATION IN |
| 11/13/02 | EXCEPTIONAL CIRCUMSTANCES/JL |
| 12/16/02 | WAIVER OF SERVICE:PAULA MALDONADO/JL |
| 01/22/03 | ADMISSION OF PATERNITY/EXHIBITS/JL |
| 05/16/03 | CHILD SUPPORT FEE: PAULA MALDONADO |
| 05/16/03 | VS FORM: PAULA MALDONADO |

...F FOR 1/24/03 AT 8:00AM AS PER ORDER SETTING
...G SIGNED FOR ENTRY.GEROSAS/JL
... ESTABLISHING P/C RELATSHIP    GROSAS/RG,RCIA
...NG THE P/C RELATIONSHIP
...CE TO W/HOLD INCOME FOR C/S    GROSAS/RGARCIA
...BLISHING THE P/C RELATIONSHIP    GROSAS/PGARCIA



CAMERON COUNTY DISTRICT COURT TEXAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
DEPUTY

54 US:25P     CAMERON COUNTY SHERIFFS     956544008.0

**To Protect & Serve**



**CONRADO M. CANTÚ**
Sheriff

154 East Harrison Street
Brownsville, Texas 78520
956.550.7290
956.544.0678 Fax

608 East Harrison Stree
Harlingen, Texas 7855
956.427.806
Fax 956.412.140

DATE: FEB. 27, 2004

CS: JAMES PURYEAR
RE: 2002114528E

DEAR SIR OR MA'AM

Enclosed please find papers for the above entitled and numbered case, in which service was attempted as we were unable to execute, due to:

_____ UNABLE TO OBTAIN INFORMATION AS TO WEREABOUTS OF THIS PERSON.

**XXX** UNABLE TO LOCATE PERSON IN CAMERON COUNTY. __54 ELEANOR ST. BRO. TX.__

_____ MOVED: NEW ADDRESS IS _____

_____ MOVED: NO FORWARDING ADDRESS AVAILABLE.

_____ WAS RECALLED BY YOUR OFFICE.

**XXX** OTHER: OFFICER LELINA URIBE WAS UNABLE TO SERVE CITATION, NO CONTACT WITH MR. PURYEAR. HOWEVER, MR. PURYEAR APPEARED IN COURT ON SET DATE JANUARY 24, 2003.

If this department may be of any further service do not hesitate to call or write or office.

Sincerely Yours,

Conrado M. Cantú, Sheriff
Cameron County, Texas

BY: _____
    MONICA SERRA
    CIVIL PROCESS CLERK

**CAMERON COUNTY SHERIFF'S DEPARTMENT**
*Open Door Policy*

NCP Name:    *JAMES PURYEAR*
CP Name:     *PAULA MALDONADO*
OAG Number:  **0010001441/BRN**

**CAUSE NUMBER** *2002114528E*

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *357TH JUDICIAL DISTRICT COURT* |
| *DIEGO PURYEAR* | § | OF |
| A MINOR CHILD | § | *CAMERON* COUNTY, TEXAS |

**WAIVER OF SERVICE**

My name is *JAMES PURYEAR* and my social security number is *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.* I am a party in the above-numbered and entitled cause. My mailing address is:

*34 ELEANOR ST*
*BROWNSVILLE TX 78521*

I acknowledge receipt of copies of the following documents in this cause:

1.  Petition to Establish the Parent Child Relationship

2.  Waiver of Service.

I have read these documents and understand them. Pursuant to Rule 119, Texas Rules of Civil Procedure, I hereby enter my appearance in this cause for all purposes and waive the issuance and service of process, including citation. I understand that this waiver has the same force and effect as if citation had been issued and served on me as provided by law.

*I HEREBY ACKNOWLEDGE THAT I HAVE BEEN MADE AWARE THAT THIS MATTER IS SET FOR A COURT HEARING ON THE* 24th *DAY OF* January *, 20*03*, AT* 8:00 *O'CLOCK* A *.M., IN THE MASTER'S COURT, 1ST FLOOR, CAMERON COUNTY COURTHOUSE, 974 E. HARRISON, BROWNSVILLE, TX 78520.*

_____
*JAMES PURYEAR*

State of Texas
County of _____

Before me, a notary public, on this _____ day of _____, _____, personally appeared, *JAMES PURYEAR*, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

_____

**WAIVER OF SERVICE**

**RECEIVED**
CLERK OF DISTRICT COURT

JAN 2 8 2003

CAMERON COUNTY
BROWNSVILLE, TEXAS

**Office of the Attorney General**
**State of Texas**
**Child Support Division**

*** DEPUTY: THIS COPY TO BE SERVED ON RESPONDENT ***

JAMES PURYEAR

AG CASE NO. 0010001441

IMPORTANT NOTICE

<u>YOU HAVE BEEN SERVED WITH LEGAL NOTICE TO APPEAR IN COURT.</u>

<u>BRING WITH YOU PROPER IDENTIFICATION AND PROOF OF EARNINGS.</u>

<u>ES ABSOLUTAMENTE NECESARIO QUE PRESENTE PROPIA IDENTIFICACION
Y PRUEBA DE INGRESOS.</u>

FAILURE TO APPEAR AS ORDERED MAY RESULT IN
THE ENTRY OF A DEFAULT ORDER.

You should contact an attorney of your choice.

<u>A COURT APPEARANCE WILL STILL BE REQUIRED.</u>

ORIGINAL

## PRECEPT TO SERVE

THE STATE OF TEXAS
TO ANY SHERIFF OR CONSTABLE WITHIN THE STATE OF TEXAS
You are commanded to serve a copy of this PRECEPT TO SERVE and the accompanying copy of Petition to Establish the Parent-Child Relationship and Order Setting Hearing, and Health Insurance Availability Form, on JAMES PURYEAR, who may be found at:

**Residence:**                                         **Place of Employment:**
34 ELEANOR ST
BROWNSVILLE, TX 78521

File number: 0010001441                                THE STATE OF TEXAS
Cause Number                                           PAULA MALDONADO
   2 0 0 2   1 1 - 4 5 2 8 - E                          VICTOR MANUEL SOLIS-RANGEL
Other parties to the action:

ISSUED under my hand and seal of court this ___ day of _____ **NOV 1 3 2002**

GAIL J. KAHN/WARD WILLIAM ELMENDORF        AURORA DE LA GARZA, District Clerk
ASSISTANT ATTORNEY GENERAL                  CAMERON County, Texas
State Bar No.11071600/06588300              CHILD SUPPORT DEPT
*CHILD SUPPORT UNIT 0308E*                   P O BOX 4119
*955 WEST PRICE RD*                          BROWNSVILLE TX 78523-4119
*BROWNSVILLE TX 78520*
Phone *(956)544-1751*
Fax *(956)544-5921*                          _Janet P. Lopez_ _____, Deputy
Attorney for Petitioner

## SERVICE RETURN

This process was received on the 11th day of December, 2002, at 9 00 A.m..

[ ] I served a true copy of this process endorsed with the date of delivery, together with the accompanying documents, on JAMES PURYEAR in person at:
      [ ] residence;
      [ ] place of employment; or          FILED 11 00 O'CLOCK ___ M
      [ ] other _____  AURORA DE LA GARZA, DIST CLERK
on the ____ day of _____, _____ at ___:___ ___
                                                         JAN 17 2003
[X] Not executed because _____
                                              DISTRICT COURT, CAMERON COUNTY TEXAS
FEES: Serving one (1) copy    SHERIFF/CONSTABLE ____ BY _Janet P. Lopez_ County, Texas
Total $_____.___ By: _____, Deputy

## VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

State of Texas
County of _____

Before me, a notary public, on this _____ day of _____, _____, personally appeared
_____, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

_____

ORIGINAL

## CITATION

THE STATE OF TEXAS
To:    JAMES PURYEAR                           Place of Employment:
Residence:
34 ELEANOR ST
BROWNSVILLE, TX 78521

**You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and Petition to Establish the Parent-Child Relationship, a default judgment may be taken against you.**

The accompanying pleading was filed on the _____ day of **NOV 1 3 2002** _____, in the indicated court of CAMERON County, Texas. You are directed to file a written answer to the accompanying pleading on or before 10:00 a.m. on the Monday next following the expiration of twenty days after you were served with this citation and accompanying pleading. Title IV-D Master, Hon. Gilberto E. Rosas, will hear this trial.

File Number: 901000 441
Cause Number: 2002 1 1 - 4 5 2 8 - E
Other parties to the action:                    THE STATE OF TEXAS
                                                PAULA MALDONADO
                                                VICTOR MANUEL SOLIS-RANGEL

ISSUED under my hand and seal of court this _____ day of _____ **NOV 1 3 2002**.

GAIL J. KAHN                                    AURORA DE LA GARZA, District Clerk
ASSISTANT ATTORNEY GENERAL                      CAMERON County, Texas
State Bar No. 11071600                          CHILD SUPPORT DEPT
CHILD SUPPORT UNIT 0308E                         P O BOX 4119
955 WEST PRICE RD                               BROWNSVILLE, TX 78523-
BROWNSVILLE, TX 78520                           By: _____, Deputy
Phone (956)544-1751
Fax (956)544-5921
Attorney for Petitioner

### SERVICE RETURN

This process was received on the 11th day of December, 2002, at 9:00 A.m..

[  ]    I served a true copy of this process endorsed with the date of delivery, together with the **Petition to Establish the Parent-Child Relationship**, on JAMES PURYEAR in person at his:
        [ ] residence;                          FILED 11:00 O'CLOCK A M
        [ ] place of employment; or             AURORA DE LA GARZA, DIST. CLERK
        [ ] other _____

on the _____ day of _____, at _____ :_____ .m.     JAN 17 2003

[X]    Not executed because _left 2 mess no respon_    DISTRICT COURT, CAMERON COUNTY TEXAS
                                                        BY _____ DEPUTY
FEES: Serving one (1) copy    SHERIFF/CONSTABLE _____ Cameron _____ County, Texas
Total $_____    By: _____, Deputy

### VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

State of Texas
County of _____

Before me, a notary public, on this _____ day of _____, _____, personally appeared
_____, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

_____

FINAL

## IDENTIFYING DATA FOR SERVICE OF CITATION

**Court Date:** 1/24/03 8:00 Am    **Cause Number:** 2002 11-4528 pr. ct.    **OAG Case:** 0010001441

**Name:** JAMES PURYEAR

**Residence Address:** 34 ELEANOR ST
BROWNSVILLE TX 78521                CP: Paula Maldonado

**Home Phone:** (956)541-0360                Loc: Patty

**Service Address:** 34 ELEANOR ST
BROWNSVILLE TX 78521

**Employer:** _____

**Employment Address:** _____

**Work Phone:** _____

**Other location information:** SERVE NCP AT HOME.
_____

**SSN:** 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

| **Date of Birth:** | 5/16/37 | **Age:** | 65 | **Race:** | AFRO-AMERICAN | **Sex:** | M |

| **Height:** | 6'05" | **Weight:** | 250 lbs. | **Eye Color:** | BROWN | **Hair Color:** | BLACK |

**DL Number:** 5056654    **State:** _____

**Other identifying information (scars, tattoos, unusual dress, etc.):** _____

**Auto make:** _____ **Model:** _____ **Year:** _____

**Color:** _____ **License plate:** _____

**For additional information, contact:**    ARNOLD GARCIA
CHILD SUPPORT DIVISION
CHILD SUPPORT UNIT 0308E
955 WEST PRICE RD
BROWNSVILLE TX 78520
(956)544-1751

1-14-03
NC left men

1-17-03

## DEPUTY CONSTABLE/SHERIFF

Attached is an Affidavit for Substitute Service (Rule 106). If you feel the Respondent is evading service, please complete the Affidavit and **return** to the Office of the Attorney General, 955 West Price Road, Brownsville, Texas 78520. Return rest of packet to District Clerk. Thank you for your cooperation.



RECEIVED
DEC 11 2002
9:00 AM
CAMERON COUNTY SHERIFF'S DEPT.
BROWNSVILLE, TEXAS

NCP Name:    *JAMES PURYEAR*
CP Name:     *PAULA MALDONADO*
OAG Number:  **0010001441/BRN**

CAUSE NUMBER 2002 - 11 - 4528 - E

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *357TH JUDICIAL DISTRICT COURT* |
| *DIEGO PURYEAR* | § | OF |
| A MINOR CHILD | § | *CAMERON* COUNTY, TEXAS |

## AFFIDAVIT IN SUPPORT OF SUBSTITUTED SERVICE

STATE OF TEXAS
COUNTY OF _____

My name is _____ and I am a Deputy Constable/ Sheriff in

_____ County, Texas.

    Service of citation was attempted in the above-numbered and entitled cause on *JAMES PURYEAR* at:

Residence:                              Place of Employment:
34 ELEANOR ST
BROWNSVILLE, TX 78521

    DATE        TIME            REASON(S) WHY NOT SERVED
_____

_____

_____

    Such attempt(s) were unsuccessful for the reasons stated.

    In the course of my attempts to serve said citation I determined that _____

is *JAMES PURYEAR*'s usual place of business, usual place of abode, or another place were *he* can probably be found.

_____
Affiant

State of Texas

County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, by

_____, this _____ day of _____, 20_____.

_____
**Notary Public**

*YOUR COPY*

CHILD SUPPORT UNIT 0308E
955 WEST PRICE RD
BROWNSVILLE, TX 78520
Phone: (956)544-1751
Fax: (956)544-5921

**Attorney General of Texas**
CHILD SUPPORT DIVISION
**GREG ABBOTT**
Attorney General

AURORA DE LA GARZA
CAMERON COUNTY DISTRICT CLERK
CHILD SUPPORT DEPT
P O BOX 4119
BROWNSVILLE, TX 78523-4119

Date: 5/7/03

Custodial Parent: PAULA MALDONADO
Non-Custodial Parent: JAMES R PURYEAR
ATTORNEY GENERAL Case #: C010001441/BRN
Cause #: 2002-11-4528-E

Dear AURORA DE LA GARZA:

Your assistance is requested in the above numbered cause as follows:

Please file the following:

1.   FINAL ORDER ESTABLISHING THE PARENT-CHILD RELATIONSHIP
2.   ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT
3.   FORM VS-165.1 *(District Clerk to complete & forward to Bureau of Vital Statistics)*

Please forward to the Judge for signature and **return a conformed copy** of the signed order to this office with file date stamped.

Thank you for your cooperation.

Sincerely,

GAIL J. KAHN/WARD WILLIAM ELMENDORF
Assistant Attorney General

## CONSERVATORS

The Court FINDS that the appointment of the parents as Joint Managing Conservators is not in the best interests of the child.

The Court APPOINTS *PAULA MALDONADO* as the Managing Conservator of the child.

The Court APPOINTS *JAMES R PURYEAR* as a Possessory Conservator of the child.

Each parent appointed as a conservator of the child has at all times the following rights, privileges, duties, and powers of a parent:

    a.    of access to medical, dental, psychological and educational records of the child;

    b.    to consult with any physician, dentist, or psychologist of the child;

    c.    to consult with school officials concerning the child's welfare and educational status, including school activities;

    d.    to attend school activities;

    e.    to be designated on any records as a person to be notified in case of an emergency;

    f.    to manage the estate of the child to the extent the estate has been created by the parent or the parent's family;

    g.    to receive information from the other parent concerning the health, education, and welfare of the child;

    h.    to confer with the other parent before making a decision concerning the health, education, and welfare of the child;

    i.    to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child;

The Court designates *PAULA MALDONADO*, as Managing Conservator, with having the exclusive right to determine the primary residence of the child, and the primary physical residence of the child is with *PAULA MALDONADO*.

The Managing Conservator of the child has the following exclusive rights, privileges, duties, and powers of a parent:

    a.    the right to the services and earnings of the child;

    b.    the right to consent to marriage, to enlistment in the armed forces of the United States, to medical, dental, and surgical treatment involving invasive procedures, and to psychiatric and psychological treatment;

    c.    the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child including the right to establish the primary residence of the child; and,

    d.    except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the power as an agent of the child to act in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government.

e.      the right to consent to medical, dental and surgical treatment during an emergency involving an immediate danger to the health and safety of the child.

### POSSESSION AND ACCESS

The Court ORDERS, pursuant to Texas Family Code Chapter 153, *JAMES R PURYEAR* and *PAULA MALDONADO* to review and follow the possession and access schedule that is attached to this order and incorporated by reference.

### CURRENT CHILD SUPPORT

The Court ORDERS *JAMES R PURYEAR* to pay *PAULA MALDONADO* current child support of **$405.00 each month beginning the 15th day of April, 2003,** payable on or before that date and on or before the same day of each month thereafter while any child is less than 18 years of age or while any child is fully enrolled in an accredited school in a program leading toward a high school diploma or enrolled in courses for joint high school and junior college credit pursuant to Section 130.008, Education Code, whichever occurs last, or until every child is otherwise emancipated. The Court FINDS that *JAMES R PURYEAR* currently receives **$405.00 per month** from the Social Security Administration as benefits for the child. Once these benefits are paid by the Social Security Administration directly to *PAULA MALDONADO*, the Court ORDERS that the child support in this case will be set at **zero beginning the 15th day of the month** following date *PAULA MALDONADO* receives payment from the Social Security Administration of the child's social security benefits.

The Court further ORDERS that the child support provisions of this order shall be an obligation of the estate of *JAMES R PURYEAR*, and shall not terminate on his death.

MARZO - ABRIL
ABRIL - JUNIO

**FINDINGS ON HEALTH INSURANCE AVAILABILITY**

The Court FINDS:

(Check only one of the following)

____1. (a) Health insurance is available or is in effect for the child(ren) through *JAMES R PURYEAR*'s employment or membership in a union, trade association, or other organization at a reasonable cost to *JAMES R PURYEAR*, and (b) *JAMES R PURYEAR* should be ordered to provide such insurance.

____2. (a) Health insurance is not available for the child(ren) through *JAMES R PURYEAR*'s employment; (b) health insurance is available for the child(ren) at a reasonable cost through *PAULA MALDONADO*'s employment or membership in a union, trade association, or other organization; (c) *PAULA MALDONADO* should be ordered to provide such insurance; and (d) *JAMES R PURYEAR* should be ordered to pay additional child support for the actual cost of such health insurance.

____3. (a) Health insurance is not available for the child(ren) at a reasonable cost through *JAMES R PURYEAR*'s nor *PAULA MALDONADO*'s employment or membership in a union, trade association, or other organization; (b) health insurance is available to *JAMES R PURYEAR* from another source at a reasonable cost; and (c) *JAMES R PURYEAR* should be ordered to provide such insurance.

**XX** 4. (a) Neither parent has access to private health insurance at a reasonable cost; (b) *PAULA MALDONADO* should be ordered to apply immediately or maintain on behalf of the child(ren) for participation in a medical assistance program pursuant to Chapter 32, Human Resources Code, or the state child health plan pursuant to Chapter 62, Health and Safety Code.

____5. (a) Health Coverage is not available for the child under subdivisions 1 through 4 above, and (b) *JAMES R PURYEAR* should be ordered to pay *PAULA MALDONADO* a reasonable amount each month as medical support for the child.

____6. Good cause exists to deviate from the statutory priorities in ordering health insurance.

The Court further finds that the following orders regarding health insurance are in the best interest of the child(ren).

## MEDICAL ASSISTANCE PROGRAM OR STATE CHILD HEALTH PLAN

The Court Orders *PAULA MALDONADO* to apply, within 15 days after the entry of this order, for coverage under TexCare Partnership for each child who is the subject of this suit. Upon enrollment, the Court ORDERS *PAULA MALDONADO* to maintain such health coverage in full force and effect on each child subject of this suit as long as child support is payable for that child, by paying any and all applicable fees required for the coverage, including but not limited to, enrollment fees, and premiums.

The Court ORDERS *PAULA MALDONADO* to furnish *JAMES R PURYEAR* and the Attorney General Child Support Division, a true and correct copy of the health insurance policy or certification and a schedule of benefits within 30 days following the signing of this order. The Court further ORDERS *PAULA MALDONADO* to furnish *JAMES R PURYEAR* copies of the insurance cards and any other forms necessary for use of the insurance within 30 days following the signing of this order. The Court ORDERS *PAULA MALDONADO* to, within three days of receipt by *PAULA MALDONADO*, provide *JAMES R PURYEAR* any insurance checks, other payments, and/or explanations of benefits relating to any medical expenses for the child(ren) that *JAMES R PURYEAR* incurred or paid.

## UNREIMBURSED HEALTH CARE EXPENSES

The Court, pursuant to Texas Family Code § 154.183(c), allocates the reasonable and necessary health care expenses of the child that are not reimbursed by health insurance as follows:

The Court ORDERS *PAULA MALDONADO* to pay _50_% and ORDERS *JAMES R PURYEAR* to pay _50_% of the unreimbursed health care expenses if, at the time the expenses are incurred, the party ordered to provide health insurance for the child is providing health insurance as ordered.

## WARNING

**A parent ordered to provide health insurance who fails to do so is liable for 100% of necessary medical expenses of the child, without regard to whether the expenses would have been paid if health insurance had been provided, and the cost of health insurance premiums or contributions, if any, paid on behalf of the child.**

The Court ORDERS the party who incurs a health care expense on behalf of the child to submit to the other party all forms, receipts, bills, and statements reflecting the uninsured portion of the health care expenses within 30 days after he or she receives them. The Court ORDERS the non-incurring party to pay his or her percentage of the uninsured portion of the health care expenses either by paying the health care provider directly or by reimbursing the incurring party for any advance payment over and above the incurring party's percentage of the uninsured portion of the health care expenses within 30 days after the non-incurring party receives the forms, receipts, bills, or statements.

These provisions apply to all unreimbursed health care expenses of any child subject of this suit that are incurred while child support is payable for that child.

## CHILD SUPPORT GUIDELINE FINDINGS

The Court FINDS, pursuant to Texas Family Code § 154.130:

(1)     the monthly net resources of the OBLIGOR per month are $ 595.00;

(2)     the monthly net resources of the OBLIGEE per month are $ -0-_____;

(3)     the percentage applied to the OBLIGOR'S net resources for child support by the actual order rendered by the Court is 20 %;

(4)     the amount of child support if the percentage guidelines are applied to the first $6,000 of the OBLIGOR'S net resources is $ 119.00;

(5)     if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount stated in Subdivision (4) are:

[ ]     the Court ordered OBLIGOR to pay an additional $_____ per month current child support because OBLIGEE is ordered to provide health insurance; and

[ ]     the Court subtracted benefits of $_____ per _____ paid to or for the child as a result of the OBLIGOR'S disability; and

[X]     The Court FINDS that *JAMES R PURYEAR* receives **$405.00 per month from the Social Security Administration as benefits for the child and that payments of these benefits has not been transferred to the Obligee,** *PAULA MALDONADO.*_____

_____

_____

_____; and

(6)     if applicable, the OBLIGOR is obligated to support children in more than one household, and:

(A)     the number of children before the court is _____;

(B)     the number of children not before the court residing in the same household with the OBLIGOR is _____; and

(C)     the number of children not before the court for whom the OBLIGOR is obligated by a court order to pay support, without regard to whether the OBLIGOR is delinquent in child support payments, and who are not counted under Paragraph (A) or (B) is _____.

## JUDGMENT ON ARREARS

The Court FINDS and confirms that *JAMES R PURYEAR* **is not in arrears in the making of regular his child support payments; therefore, no judgment as of February 28th, 2003, shall be granted .**

FINAL ORDER ESTABLISHING THE PARENT-CHILD RELATIONSHIP                    PAGE 6 of 10

## INCOME WITHHOLDING

The Court ORDERS, pursuant to Texas Family Code Chapter 158, any employer of *JAMES R PURYEAR*, current or subsequent, to withhold income from the disposable earnings of *JAMES R PURYEAR* for the child's support as set out in the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT entered herein. Any income withheld from *JAMES R PURYEAR*'s disposable earnings for child support and paid according to this order shall be credited against his child support obligation, but shall not discharge any of his child support obligation that exceeds the amount so credited.

The Court ORDERS the Clerk of the Court, upon request, to cause a certified copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT, with a copy of Texas Family Code Chapter 158 attached, to be delivered to *JAMES R PURYEAR*'s employer.

The Court ORDERS *JAMES R PURYEAR* to provide any subsequent employer with a copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT entered herein.

## PAYMENT OF SUPPORT AND COSTS

The Court ORDERS *JAMES R PURYEAR* to pay all support to the registry of the court:

Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

for distribution according to law. All payments shall be identified by:

      Obligor name *JAMES R PURYEAR,*
      Obligee name *PAULA MALDONADO,*
      ATTORNEY GENERAL case number *0010001441,*
      cause number *2002-11-4528-E,* and
      the date on which the withholding occurred.

**The Court hereby Waives court costs; therefore, no JUDGMENT for court costs shall be assessed against** *JAMES R PURYEAR.*

## STATUTORY WARNINGS

**FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.**

**FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.**

**FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.**

**EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE**

PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT AND, THE STATE CASE REGISTRY WITH CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

### COMPANION NOTICE

IT IS ORDERED that each parent subject to this Order has the duty to inform and shall inform the other parent if he or she marries, intends to marry, or resides for at least 30 days with another person (1) he or she knows is registered as a sex offender under Chapter 62, Texas Code of Criminal Procedure, or (2) who is charged with an offense for which on conviction that person would be required to register under Chapter 62. Such Notice must be given as soon as practicable, but not later than the 40th day after the parent begins to reside with such person, or not later than the 10th day after the date of the marriage to such a person. The Notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or the offense with which the person is charged. Failure to provide this Notice as ordered herein is a Class C misdemeanor.

### NOTICE TO THE STATE CASE REGISTRY

As is required by the preceding section, any change of a party's residential address, mailing address, home telephone number, name of employer, address of employment, driver's license number, and work telephone number are to be reported by mail to the:

State Case Registry
Central File Maintenance
P.O. Box 12048
Austin, TX 78711-2048

in addition to reporting the change(s) to the other parties and the Court.

### REVIEW

Pursuant to 42 USC 666(a)(10), a parent subject to a child support order, at least every three years, has the right to request a review of the ordered child support amounts by contacting the CHILD SUPPORT DIVISION of the ATTORNEY GENERAL.

**INFORMATION PURSUANT TO TEXAS FAMILY CODE § 105.006**

Court:                          *357TH JUDICIAL DISTRICT COURT CAMERON* County, Texas

Cause Number:                   *2002-11-4528-E*

### PRIMARY JOINT MANAGING or MANAGING CONSERVATOR INFORMATION:

Name:                           *PAULA MALDONADO*

Residence Address:              *31 CASTELLANO CR*
                                *BROWNSVILLE TX 78526*

Mailing Address (if different):

Home Phone:                     *(956)986-0925*

Employer:

Employment Address:

Work Phone:

### JOINT MANAGING or POSSESSORY CONSERVATOR INFORMATION:

Name:                           *JAMES R PURYEAR*

Residence Address:              *34 ELEANOR ST*
                                *BROWNSVILLE TX 78521*

Mailing Address (if different):

Home Phone:

Employer:

Employment Address:

Work Phone:

Expected termination date of obligation to pay child support and of orders for possession of, or access to, a child (date of expected emancipation of all minors): 6/06/2012

The Court has not ordered that special restrictions be placed on the distribution of this information pursuant to Texas Family Code § 105.006(c).

Signed this _____ day of _____, _____.


_____
GILBERTO E. ROSAS, MASTER PRESIDING


_____
GAIL J. KAHN/WARD WILLIAM ELMENDORF
ASSISTANT ATTORNEY GENERAL
CHILD SUPPORT DIVISION
TEXAS BAR NO. 11071600/06588300
CHILD SUPPORT UNIT 0308E
955 WEST PRICE RD
BROWNSVILLE, TX 78520
TELEPHONE NO. (956)544-1751
FAX NO. (956)544-5921

## STANDARD POSSESSION ORDER
### DEFINITIONS

**Child** The term "child" refers to the child or children of the parties who are the subjects of this suit and shall include the plural form whenever appropriate to the context.

**School** The term "school" refers to the primary or secondary school in which the child is enrolled, or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

The Court ORDERS that the parents may have possession of the child at any and all times mutually agreed to in advance and, in the absence of mutual agreement, the Court ORDERS that they shall have possession of the child as follows:

### PARENTS WHO RESIDE 100 MILES OR LESS APART

Except as otherwise explicitly provided, if *JAMES R PURYEAR* resides 100 miles or less from the primary residence of the child, the parents shall have the rights to possession of the child as follows:

**Weekends.** *JAMES R PURYEAR* shall have the right to possession of the child on weekends beginning at (CHOOSE ONE)

    __X__    <u>6:00 p.m.</u> on the first, third and fifth Friday of each month

    __  __    the time the child's school is regularly dismissed on the first, third and fifth Friday of each month

and ending at (CHOOSE ONE)

    __X__    <u>6:00 p.m.</u> on the following Sunday.

    __  __    the time school resumes on the following Monday.

Except as otherwise explicitly provided herein, if a weekend period of possession of *JAMES R PURYEAR* coincides with a school holiday during the regular school term, or with a federal, state, or local holiday during the summer months in which school is not in session, the weekend possession shall begin at the regular time Thursday, instead of Friday, for a Friday holiday and/or shall end at the regular time Monday, instead of Sunday, for a Monday holiday, as applicable.

**Wednesdays.** *JAMES R PURYEAR* shall have the right to possession of the child on Wednesdays of each week during the regular school term beginning at (CHOOSE ONE)

    __X__    6:00 p.m. and ending at 8:00 p.m.

    __  __    the time the child's school is regularly dismissed and ending at 8:00 p.m.

    __  __    the time the child's school is regularly dismissed and ending at the time the child's school resumes.

**Spring Vacation.** *JAMES R PURYEAR* shall have possession of the child in even-numbered years beginning at (CHOOSE ONE)

    __X__    <u>6:00 p.m.</u> on the day the child is dismissed from school for the school's spring vacation

    __  __    the time and on the day the child is dismissed from school for the school's spring vacation

and ending at (CHOOSE ONE)

    __X__    <u>6:00 p.m.</u> on the day before school resumes after that vacation.

    __  __    the time and on the day school resumes after the school's spring vacation.

*PAULA MALDONADO* shall have possession for the same period in odd-numbered years.

✓ **Summer Vacation.** If *JAMES R PURYEAR* gives *PAULA MALDONADO* written notice by April 1 of each year specifying an extended period or periods of summer possession, *JAMES R PURYEAR* shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days prior to school resuming at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each.

• If *JAMES R PURYEAR* does not give *PAULA MALDONADO* written notice by April 1 of each year specifying an extended period or periods of summer possession, *JAMES R PURYEAR* shall have possession of the child for thirty consecutive days beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Furthermore, if *PAULA MALDONADO* gives *JAMES R PURYEAR* written notice by April 15 of each year, *PAULA MALDONADO* shall have possession of the child on any one weekend beginning at 6:00 p.m. Friday and ending at 6:00 p.m. on the following Sunday during any one extended period of summer possession by *JAMES R PURYEAR*, provided that *PAULA MALDONADO* picks up the child from *JAMES R PURYEAR* and returns the child to that same place.

Furthermore, if *PAULA MALDONADO* gives *JAMES R PURYEAR* written notice by April 15 of each year or gives *JAMES R PURYEAR* 14 days written notice on or after April 16 of each year, *PAULA MALDONADO* may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later that seven days prior to school resuming at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by *JAMES R PURYEAR* will not take place, provided that the weekend so designated does not interfere with *JAMES R PURYEAR*'s period or periods of extended summer possession or with Father's Day if *JAMES R PURYEAR* is the father of the child.

## PARENTS WHO RESIDE OVER 100 MILES APART

Except as otherwise explicitly provided, if *JAMES R PURYEAR* resides more than 100 miles from the residence of the child, the parents shall have the rights to possession of the child as follows:

**Weekends** *JAMES R PURYEAR* shall have the right to possession of the child (CHOOSE ONE)

    \_     on weekends beginning at (CHOOSE ONE)

    \_     6:00 p.m. on the first, third and fifth Friday of each month

        \_     the time the child's school is regularly dismissed on the first, third and fifth Friday of each month and ending at (CHOOSE ONE)

        \_     6:00 p.m. on the following Sunday.

        \_     the time school resumes on the following Monday.

Except as otherwise explicitly provided herein, if a weekend period of possession of *JAMES R PURYEAR* coincides with a school holiday during the regular school term, or with a federal, state, or local holiday during the summer months in which school is not in session, the weekend possession shall begin at the regular time Thursday, instead of Friday, for a Friday holiday and/or shall end at the regular time Monday, instead of Sunday, for a Monday holiday, as applicable.

    **X**     not more than one weekend per month of *JAMES R PURYEAR*'s choice beginning at (CHOOSE ONE)

        **X**     6:00 p.m. on the day school recesses for the weekend

_____ the time the child's school is regularly dismissed for the weekend

and ending at (CHOOSE ONE)

__X__ 6:00 p.m. on the day before school resumes after the weekend,

_____ the time school resumes on the following Monday,

provided that *JAMES R PURYEAR* gives *PAULA MALDONADO* seven days written or telephonic notice preceding a designated weekend.

If the parties beginning residing over 100 miles apart after rendition of this order, *JAMES R PURYEAR* may elect this alternative period of possession by written notice to *PAULA MALDONADO* within ninety days after the parties began to reside more than 100 miles apart. *JAMES R PURYEAR* may not designate weekend possession under this section that conflicts with the other provisions in this order concerning possession of the child during Christmas, Thanksgiving, the child's birthday, Father's Day weekend, or Mother's Day weekend.

**Spring Vacation.** *JAMES R PURYEAR* shall have possession of the child every year beginning at (CHOOSE ONE)

__X__ 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation

_____ the time and on the day the child is dismissed from school for the school's spring vacation

and ending at (CHOOSE ONE)

__X__ 6:00 p.m. on the day before school resumes after that vacation.

_____ the time and on the day school resumes after the school's spring vacation.

**Summer Vacation.** If *JAMES R PURYEAR* gives *PAULA MALDONADO* written notice by April 1 of each year specifying an extended period or periods of summer possession, *JAMES R PURYEAR* shall have possession of the child for forty-two days beginning no earlier than the day the child's school is dismissed for the summer vacation and ending no later than seven days prior to school resuming at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each.

If *JAMES R PURYEAR* does not give *PAULA MALDONADO* written notice by April 1 of each year specifying an extended period or periods of summer possession, *JAMES R PURYEAR* shall have possession of the child for forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27.

Further, if *PAULA MALDONADO* gives *JAMES R PURYEAR* written notice by April 15 of each year, *PAULA MALDONADO* shall have possession of the child on any one weekend beginning at 6:00 p.m. Friday and ending at 6:00 p.m. on the following Sunday during any one extended period of summer possession by *JAMES R PURYEAR*, provided that if a period of possession by *JAMES R PURYEAR* exceeds thirty days, *PAULA MALDONADO* may have possession of the child under the terms of this subdivision on any two nonconsecutive weekends during that time period, and further provided that *PAULA·MALDONADO* picks up the child from *JAMES R PURYEAR* and returns the child to that same place.

If *PAULA·MALDONADO* gives *JAMES R PURYEAR* written notice by April 15 of each year or gives *JAMES R PURYEAR* thirty days written notice on or after April 16 of each year, *PAULA MALDONADO* may designate twenty-one days beginning no earlier than the day the child's school is dismissed for the summer vacation and ending no later than

seven days prior to school resuming at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each, during which *JAMES R PURYEAR* shall not have possession of the child, provided that the period or periods so designated do not interfere with *JAMES R PURYEAR*'s period or periods of extended summer possession or with Father's Day if *JAMES R PURYEAR* is the father of the child.

## ALL PARENTS IRRESPECTIVE OF THE DISTANCE BETWEEN THEIR RESIDENCES

Irrespective of the distance between the residence of *JAMES R PURYEAR* and the primary residence of the child, the parents shall have the rights to possession of the child as follows:

**Christmas**. *JAMES R PURYEAR* shall have possession of the child in even-numbered years beginning at 6:00 p.m. on the day the child is dismissed from school for the school's Christmas vacation and ending at noon on December 26, and *PAULA MALDONADO* shall have possession for the same period in odd-numbered years.

*JAMES R PURYEAR* shall have possession of the child in odd-numbered years beginning at noon on December 26 and ending at 6:00 p.m. on the day before school resumes after the school's Christmas vacation, and *PAULA MALDONADO* shall have possession for the same period in even-numbered years.

**Thanksgiving**. *JAMES R PURYEAR* shall have possession of the child in odd-numbered years beginning at 6:00 p.m. on the day the child is dismissed from school before Thanksgiving and ending at 6:00 p.m. on the following Sunday, and *PAULA MALDONADO* shall have possession for the same period in even-numbered years.

**Child's Birthday**. The parent not otherwise entitled under this order to present possession of a child on the child's birthday shall have possession of the child beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that said parent picks up the child from the residence of the conservator entitled to possession and returns the child to that same place.

**Father's Day**. The father shall have possession of the child beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that, if he is not otherwise entitled under this order to present possession of the child, he picks up the child from the residence of the conservator entitled to possession and returns the child to that same place.

**Mother's Day**. The mother shall have possession of the child beginning at 6:00 p.m. on the Friday preceding Mother's Day and ending at 6:00 p.m. on Mother's Day, provided that, if she is not otherwise entitled under this order to present possession of the child, she picks up the child from the residence of the conservator entitled to possession and returns the child to the same place.

## GENERAL TERMS AND CONDITIONS

Except as otherwise explicitly provided, terms and conditions of possession of the child that apply irrespective of the distance between the residence of *JAMES R PURYEAR* and the primary residence of the child are as follows:

The provisions for possession of the child during Christmas, Thanksgiving, Spring Vacation, Summer Vacation, the child's birthday, Father's day, and Mother's day supersede any conflicting weekend or Wednesday periods of possession. Written notice shall be deemed to have been timely given if received or postmarked before or at the time that notice is due.

*PAULA MALDONADO* shall surrender the child to *JAMES R PURYEAR* at the beginning of each period of *JAMES R PURYEAR*'s possession at *PAULA MALDONADO*'s residence.  If *JAMES R PURYEAR* elects to begin a period of possession at the time the child's school is regularly dismissed, *PAULA MALDONADO* shall surrender the child to *JAMES R PURYEAR* at the beginning of each such period of possession at the school in which the child is enrolled.

*JAMES R PURYEAR* shall (CHOOSE ONE)

   ___ surrender the child to *PAULA MALDONADO* at the end of each period of possession at the residence of *JAMES R PURYEAR*.

   **X** return the child to the residence of *PAULA MALDONADO* at the end of the period of possession, except that if *JAMES R PURYEAR*'s county of domicile remains the same after the rendition of this order and if *PAULA MALDONADO*'s county of domicile should change, effective on the date of the change of domicile by *PAULA MALDONADO*, *JAMES R PURYEAR* shall surrender the child to *PAULA MALDONADO* at the end of each period of possession at the residence of *JAMES R PURYEAR*.  If *JAMES R PURYEAR* elects to end a period of possession at the time the child's school resumes, *JAMES R PURYEAR* shall surrender the child to *PAULA MALDONADO* at the school in which the child is enrolled.

Each conservator shall return with the child the personal effects that the child brought at the beginning of the period of possession.

Either parent may designate any competent adult to pick up and return the child, as applicable.  A parent or a designated competent adult shall be present when the child is picked up or returned.

A parent shall give notice to the person in possession of the child on each occasion that the parent will be unable to exercise that parent's right of possession for any specified period. Repeated failure of a parent to give notice of an inability to exercise possessory rights may be considered as a factor in a modification of those possessory rights.

If a conservator's time of possession of a child ends at the time school resumes and for any reason the child is not or will not be returned to school, the conservator in possession of the child shall immediately notify the school and the other conservator that the child will not be or has not been returned to school.

**ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT**

☒ Original  ☐ Amended  ☐ Termination

State _____ Texas _____
Co./City/Dist. of 357TH JUDICIAL DISTRICT COURT, CAMERON County
Tribunal/Case Number ___ 2002-11-4528-E _____

_____
Employer's/Withholder's Name

_____
Employer's/Withholder's Address

_____
_____
_____

| Child(ren)'s Name(s) | DOB | SSN |
|---|---|---|
| DIEGO R PURYEAR | 6/6/94 | 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 |

_____
Employer/Withholder's Federal EIN Number (if known)

RE:  PURYEAR, JAMES R
_____
Employee's/Obligor's Name (Last, First, MI)
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
_____
Employee's/Obligor's Social Security Number
0010001441
_____
Employee's/Obligor's Case Identifier
MALDONADO, PAULA
_____
Obligee Name (Last, First, MI)

☐ If checked, you are required to enroll the child(ren) identified above in any health insurance coverage available to the employee's/obligor's through his/her employment.

*ORDER INFORMATION:* This Order/Notice is based on the support order from TX.
You are required by law to deduct these amounts from the employee's/obligor's income until further notice.

| | | |
|---|---|---|
| $405.00 _____ | **Monthly** _____ | current child support |
| $0.00 _____ | **Monthly** _____ | past-due child support - **Arrears 12 weeks or greater?** ☐ yes ☐ no |
| $0.00 _____ | **Monthly** _____ | current medical support |
| $0.00 _____ | **Monthly** _____ | past-due medical support |
| $0.00 _____ | **Monthly** _____ | spousal support |
| $0.00 _____ | **Monthly** _____ | other (specify) _____ |
| for a total of $405.00 _____ | **Monthly** _____ | to be forwarded to the payee below. |

**You do not have to vary your pay cycle to be in compliance with the support order. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:**

$93.46 _____ per weekly pay period.                $202.50 _____ per semimonthly pay period (twice a month).
$186.92 _____ per biweekly pay period (every two weeks).    $405.00 _____ per monthly pay period.

*REMITTANCE INFORMATION:* **When remitting payment, provide the pay date/date of withholding and the case identifier. If the employee's/obligor's principal place of employment is Texas, begin withholding no later than the first pay period following the date on which this Order/Notice was delivered to the employer. Send payment on the same day of the pay date/date of withholding. The total withheld amount, including your fee, cannot exceed  50  % of the employee's/obligor's aggregate disposable weekly earnings.**

**If the employee's/obligor's principal place of employment is not Texas, for limitations on withholding, applicable time requirements, and any allowable employer fees, follow the laws and procedures of the employee's/obligor's principal place of employment (see#4 and #10, ADDITIONAL INFORMATION TO EMPLOYERS AND OTHER WITHHOLDERS).**

**If remitting payment by EFT/EDI, call _____ before first submission. Use this FIPS code:_____
Bank routing code: _____ Bank account number: _____.**

Make check payable to (Payee and Case Identifier): OFFICE          Send check to:  Texas Child Support Disbursement Unit
OF THE ATTORNEY GENERAL /AG # 0010001441, Cause #                        P O Box 659791
2002-11-4528-E                                                           San Antonio, TX 78265-9791

Authorized by  _____        Date: _____

Print Name and Title of Authorized Official(s) _____
                                        **Master/Judge Presiding**

2.002.11.4528-E
ORG.0010001414

FILED ___ ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

OCT 17, 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

———————————— ☆ ————————————

court should enter a judgment on the jury's verdict or remand in the interest of justice. *Crown Life Ins. Co. v. Johnson & Higgins*, 921 S.W.2d 254, 267-68 (Tex.App.—Houston [1st Dist.] 1996, no writ) (appellant), *modified on other grounds*, 962 S.W.2d 507 (Tex.1998). When the appellate court reverses a JNOV and directs the trial court to render judgment on the verdict, the appellee can file a motion for new trial after the trial court renders the judgment on the verdict. *Lawson v. Lawson*, 828 S.W.2d 158, 162 (Tex.App.—Texarkana 1992, writ denied). When the appellate court sustains the appellant's challenges to the JNOV and also sustains one of the appellee's cross-points listed in TRCP 324(c), the court will either affirm or reverse and remand for a new trial. *See De Los Santos v. Alamo Lumber Co.*, 683 S.W.2d 48, 51 (Tex.App.—San Antonio 1984, no writ). *See O'Connor's Texas Civil Appeals*, "Appellee's reply & cross-points," ch. 17-C, §6.6, p. 214.

## C. THE JUDGMENT

### §1. GENERAL

**§1.1 Rules.** TRCP 300-316.

**§1.2 Purpose.** The judgment is the official document that announces the resolution of the issues in the lawsuit. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970). The judgment grants the winning party the relief earned by its victory. *Jones v. Springs Ranch Co.*, 642 S.W.2d 551, 553 (Tex.App.—Amarillo 1982, no writ). The purpose of a signed judgment under TRCP 306a is to fix a date certain from which appellate deadlines can be determined. *Burrell v. Cornelius*, 570 S.W.2d 382, 383 (Tex.1978).

**§1.3 Forms & timetables.** *O'Connor's Texas Civil Forms*, FORMS 9C (2002); TIMETABLES, *infra*, Motion to Extend Postjudgment Deadlines, p. 990, Appeal to the Court of Appeals, p. 992.

**§1.4 Other references.** *O'Connor's Texas Civil Appeals*, "Can this Case be Appealed?", ch. 11-A, §2, p. 4 (2002-03); *O'Connor's Texas Causes of Action* (2001) (*O'Connor's COA*); Carlson & Dunn, *Navigating Procedural Minefields: Nuances in Determining Finality of Judgments, Plenary Power, & Appealability*, 41 S.Tex.L.Rev. 953 (2000).

### §2. ESSENTIALS OF A VALID JUDGMENT

**§2.1 Conform to pleadings.** A judgment must conform to the pleadings. TRCP 301; *City of Austin v. Castillo*, 25 S.W.3d 309, 314 (Tex.App.—Austin 2000, pet. denied); *Soto v. Sea-Road Int'l, Inc.*, 942 S.W.2d 67, 75 (Tex.App.—Corpus Christi 1997, writ denied). See "Grounds to Amend – Trial & Post-trial," ch. 8-F, §5, p. 542. When a final judgment results from a settlement agreement, it must strictly comply with the terms of the agreement. *Keim v. Anderson*, 943 S.W.2d 938, 946 (Tex.App.—El Paso 1997, no writ). See *O'Connor's* FORMS 9C.

**§2.2 Definite & certain.** The judgment must be sufficiently definite and certain so as to define and protect the rights of the litigants. *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex.1994). If a judgment is not definite, it must provide a means of determining rights so that the ministerial officers can execute on the judgment. *Id.*; *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 440 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Kimsey v. Kimsey*, 965 S.W.2d 690, 694 (Tex.App.—El Paso 1998, pet. denied). If a judgment is not definite and its meaning is not capable of being ascertained, it is not a final judgment. See *Hatton v. Burgess*, 167 S.W.2d 260, 262-63 (Tex.App.—Beaumont 1942, writ ref'd) (J was void because it did not provide sufficient information to identify land awarded to prevailing party); *see also American Cas. & Life Ins. Co. v. Boyd*, 394 S.W.2d 685, 688 (Tex.App.—Tyler 1965, no writ) (unintelligible order has no legal effect).

**§2.3 Jurisdiction over person.** The trial court must have jurisdiction over the parties; if not, the judgment is void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985).

**§2.4 Jurisdiction over subject matter.** The trial court must have jurisdiction over the subject matter of the suit; if not, the judgment is void. *Owens*, 907 S.W.2d at 485; *Browning*, 698 S.W.2d at 363; *see Dubai Pet. Co. v.*

COMMENTARIES

CHAPTER 3. THE DEFENDANT'S RESPONSES & PLEADINGS
B. SPECIAL APPEARANCE

and entered into a contract with a Texas company to be performed in Texas. *Experimental Aircraft Ass'n v. Doctor*, 76 S.W.3d 496, 505-07 (Tex.App.—Houston [14th Dist.] 2002, no pet.). • Defendant company continuously proof attests to the veracity of the statements in the motion (either by affidavit or at the hearing), the court should deny the motion. *See Casino*, 43 S.W.3d at 18.

§2.5  Affidavits. The defendant should file the affidavits with the special appearance to provide evidentiary support for the factual allegations. See "Affidavits," §8.3.3, p. 148.

§2.6  Request hearing. The defendant must ask for and secure a hearing. *Bruneio v. Bruneio*, 890 S.W.2d 150, 154 (Tex.App.—Corpus Christi 1994, no writ). If a defendant proceeds to trial without a ruling on the special appearance, it has made a general appearance and waives the issue of lack of personal jurisdiction. *Id.; Seeley v. Seeley*, 690 S.W.2d 626, 627-28 (Tex.App.—Austin 1985, no writ).

§2.7  Amending the special appearance. A defendant may amend a special appearance permitted after hearing but before entering a general appearance). *Dawson-Austin*, 968 S.W.2d at 322 (amendment to add verification permitted after hearing but before entering a general appearance).

§3.  WAIVER OF SPECIAL APPEARANCE.

§3.1  Consent to jurisdiction. A defendant waives the issue of personal jurisdiction by executing a contract with a forum-selection clause selecting Texas as the forum. *Abacan Tech. Servs., Ltd. v. Global Mar. Int'l Servs. Corp.*, 994 S.W.2d 839, 843-44 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

§3.2  Failure to observe the order of pleadings. A defendant waives its objection to personal jurisdiction by making a special appearance after any other pleadings. *See* "Due Order of Pleadings," ch. 3, §A, p. 137.

§3.3  Making a general appearance. A defendant waives its objection to personal jurisdiction by making a general appearance. *Von Briesen, Purtell & Roper v. French*, 78 S.W.3d 570, 575 (Tex.App.—Amarillo 2002, pet. disn'd). Every appearance, before judgment, that does not comply with TRCP 120a is a general appearance. *Gutierrez v. Deloitte & Touche, L.L.P.* (Tex.App.—San Antonio 2002, pet. ...). If an appearance invokes the trial court's judgment on any question other than the court's jurisdiction, it is a general appearance. *Estate of Griffin v. Sumner*, 604 S.W.2d 221, 227 (Tex.App.—San Antonio 1980, writ ref'd n.r.e.). *Gutierrez, ___ S.W.3d at ___; Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex.App.—El Paso 1994, writ denied).

§3.4  Avoiding waiver of special appearance. A defendant does not make a general appearance (and waive its objection to personal jurisdiction) by any of the following actions:

1. *Filing certain pleadings.* The defendant may file other pleadings and motions after the special appearance, asking for certain types of intermediate relief (e.g., a motion for continuance). So long as the document neither acknowledges the trial court's jurisdiction nor seeks court action, *See, e.g., GFTA Trendanalysen B.C.A. v. Varme*, 991 S.W.2d 785, 786-87 (Tex.1999) (did not consent to personal jurisdiction by challenging service).

*NOTE*

In pleadings filed after the special appearance, the defendant should not request or include a statement that the pleading filed is "subject to the ruling on the special appearance" or other than the pleading does not acknowledge jurisdiction nor ask for any action other than dismissal for lack of jurisdiction. *See Dawson-Austin*, 968 S.W.2d at 152-53.

2. *Removing case to federal court.* A defendant may file a notice of removal to federal court before the special appearance or the motion to transfer venue. *Antonio*, 910 S.W.2d at 629.

COUNTY JUDGE
O'CONNOR'S TEXAS RULES

OCT 2 3 2003

FILED

not object to an unverified special appearance, and sworn proof is presented at the hearing, the issue is tried by consent. *General Refractories*, 8 S.W.3d at 820 n.1. If the special appearance motion is not verified, and no sworn

(b)  Insufficient. The following contacts were not sufficient to establish general jurisdiction:

• *de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-16, 104 S.Ct. 1868, 1872-73 (1984). • Japanese company sold tires in the U.S. *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 12-13, 107 S.Ct. 1026, 1032 (1987). • Non-profit research organization sold products to Texas residents mostly by phone or written orders received in Maryland, purchased supplies from Texas vendors, and had representatives set up to exhibit booths and distribute corporate publications at science conferences in Texas. *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 807-08 (Tex.2002). • Defendant purchased products from wholly owned subsidiary in Texas to distribute in Europe. *BMC Software v. Marchand*, 83 S.W.3d 789, 797 (Tex. 2002). • Australian-owned goods F.O.B. Australia and did own property or solicit business in Texas. *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex.1996). • A Maryland lobbying organization mailed letters and publications to Texas. *National Indus., 897 S.W.2d at 774.* • German corporation owned indirect interests in six companies doing business in Texas. *Preussag v. Coleman*, 16 S.W.3d 110, 123 (Tex.App.—Houston [1st Dist.] 2000, pet. disn'd).

3.  Exercise of jurisdiction unfair. The defendant should state that the court's assumption of jurisdiction over the defendant and its property will offend traditional notions of fair play and substantial justice and is inconsistent with the constitutional requirements of due process. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 232-33 (Tex.1991). The defendant should allege it would be better for the Texas court to forgo jurisdiction over the defendant, considering the following factors: (1) the burden on the defendant; (2) the interest of Texas in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental and substantive social policies. *E.g., Guardian Royal*, 815 S.W.2d at 232 (burdensome to force D to defend itself in Texas court, and interest of Texas in adjudicating dispute was minimal); *see also General Refractories Co. v. Martin*, 8 S.W.3d 818, 822-24 (Tex.App.—Beaumont 2000, pet. denied) (analyzing jurisdiction under the 5 factors); *see also Minucci v. Sogeradior, S.A.*, 14 S.W.3d 790, 798-99 (Tex.App.—Houston [1st Dist.] 2000, no pet.) (only in rare cases will the exercise of jurisdiction be deemed unfair where D has established minimum contacts with state; those rare cases generally involved international business).

§2.4  Verification. The special appearance motion must be sworn. TRCP 120a(1); *Casino Magic Corp. v. King*, 43 S.W.3d 14, 18 (Tex.App.—Dallas 2001, pet. denied); *International Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805, 808 (Tex.App.—Fort Worth 1994, writ denied). The motion cannot be verified based on information and belief. *See Int'l Turbine*, 881 S.W.2d at 808. An unverified special appearance may be amended to cure the defect, even after the trial court has ruled on the special appearance, as long as the amendment is filed before the defendant enters a general appearance. *Dawson-Austin v. Austin*, 968 S.W.2d 819, 322 (Tex.1998). If the plaintiff does

at office in Texas. *James v. Illinois Cent. R.R.*, 965 S.W.2d 594, 598-99 (Tex.App.—Houston [1st Dist.] 1998, no pet.). • Defendant-attorney who lived in Colorado was licensed to practice in Texas and handled Texas cases, some of which involved in the lawsuit. *Paskoczic v. Regional Ventures, Inc.*, 904 S.W.2d 848, 850 (Tex.App.—Texarkana 1995, no writ). • Defendant who lived in California, was director of two Texas corporations. *Thorpe v. Volkert*, 882 S.W.2d 592, 596 (Tex.App.—Houston [1st Dist.] 1994, no writ). • Defendant owned real estate in Texas that was involved in the lawsuit. *Nikolai v. Strate*, 922 S.W.2d 229, 239 (Tex.App.—Fort Worth 1996, writ denied). • Defendant signed a contract with a Texas company and made routine sales to Texas companies. *G.E. Co. v. Brown & Ross Int'l Distrib., Inc.*, 804 S.W.2d 527, 531 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

2002.11.4528-E
ORG.0010001414

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
OCT 17 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

court should enter a judgment on the jury's verdict or remand in the interest of justice. *Austin, Inc. v. Johnson & Higgins*, 921 S.W.2d 254, 267-68 (Tex.App.—Houston [1st Dist.]), *rev'd & rendered for appellant*), *modified on other grounds*, 962 S.W.2d 507 (Tex.1998). When the appellate court reverses a JNOV and directs the trial court to render judgment on the verdict, the appellee can file a motion for new trial after the trial court renders the judgment on the verdict. *Lawson v. Lawson*, 828 S.W.2d 158, 162 (Tex.App.—Texarkana 1992, writ denied). When the appellate court sustains the appellant's challenges to the JNOV and also sustains one of the appellee's cross-points listed in TRCP 324(c), the court will either affirm or reverse and remand for a new trial. *See De Los Santos v. Alamo Lumber Co.*, 683 S.W.2d 48, 51 (Tex.App.—San Antonio 1984, no writ). *See O'Connor's Texas Civil Appeals*, "Appellee's reply & cross-points," ch. 17-C, §6.6, p. 214.

## C. THE JUDGMENT

### §1. GENERAL

**§1.1 Rules.** TRCP 300-316.

**§1.2 Purpose.** The judgment is the official document that announces the resolution of the issues in the lawsuit. *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970). The judgment grants the winning party the relief earned by its victory. *Jones v. Springs Ranch Co.*, 642 S.W.2d 551, 553 (Tex.App.—Amarillo 1982, no writ). The purpose of a signed judgment under TRCP 306a is to fix a date certain from which appellate deadlines can be determined. *Burrell v. Cornelius*, 570 S.W.2d 382, 383 (Tex.1978).

**§1.3 Forms & timetables.** *O'Connor's Texas Civil Forms*, FORMS 9C (2002); TIMETABLES, *infra*, Motion to Extend Postjudgment Deadlines, p. 990, Appeal to the Court of Appeals, p. 992.

**§1.4 Other references.** *O'Connor's Texas Civil Appeals*, "Can this Case be Appealed?", ch. 11-A, §2, p. 4 (2002-03); *O'Connor's Texas Causes of Action* (2001) (*O'Connor's COA*); Carlson & Dunn, *Navigating Procedural Minefields: Nuances in Determining Finality of Judgments, Plenary Power, & Appealability*, 41 S.Tex.L.Rev. 953 (2000).

### §2. ESSENTIALS OF A VALID JUDGMENT

**§2.1 Conform to pleadings.** A judgment must conform to the pleadings. TRCP 301; *City of Austin v. Castillo*, 25 S.W.3d 309, 314 (Tex.App.—Austin 2000, pet. denied); *Soto v. Sea-Road Int'l, Inc.*, 942 S.W.2d 67, 75 (Tex.App.—Corpus Christi 1997, writ denied). See "Grounds to Amend – Trial & Post-trial," ch. 8-F, §5, p. 542. When a final judgment results from a settlement agreement, it must strictly comply with the terms of the agreement. *Keim v. Anderson*, 943 S.W.2d 938, 946 (Tex.App.—El Paso 1997, no writ). See *O'Connor's* FORMS 9C.

**§2.2 Definite & certain.** The judgment must be sufficiently definite and certain so as to define and protect the rights of the litigants. *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex.1994). If a judgment is not definite, it must provide a means of determining rights so that the ministerial officers can execute on the judgment. *Id*; *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 440 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Kimsey v. Kimsey*, 965 S.W.2d 690, 694 (Tex.App.—El Paso 1998, pet. denied). If a judgment is not definite and its meaning is not capable of being ascertained, it is not a final judgment. *See Hatton v. Burgess*, 167 S.W.2d 260, 262-63 (Tex.App.—Beaumont 1942, writ ref'd) (J was void because it did not provide sufficient information to identify land awarded to prevailing party); *see also American Cas. & Life Ins. Co. v. Boyd*, 394 S.W.2d 685, 688 (Tex.App.—Tyler 1965, no writ) (unintelligible order has no legal effect).

**§2.3 Jurisdiction over person.** The trial court must have jurisdiction over the parties; if not, the judgment is void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985).

**§2.4 Jurisdiction over subject matter.** The trial court must have jurisdiction over the subject matter of the suit; if not, the judgment is void. *Owens*, 907 S.W.2d at 485; *Browning*, 698 S.W.2d at 363; *see Dubai Pet. Co. v.*

Case 1:03-cv-00236 Document 3 Filed in TXSD on 05/21/2004 Page 30 of 41

THE JUDGMENT

2002, 11, 4-528_F
OAG, 0010001414

OCT 17 2003

# TEXAS RULES OF CIVIL PROCEDURE
## CITATION
### TRCP 120a - 124



and correct. [W]e conclude the affidavit did not strictly comply with rule 120a and it, therefore, could not serve to verify the special appearance."

### Waiver

*GFTA Trendanalysen v. Varme*, 991 S.W.2d 785, 786 (Tex.1999). "[A] party [does not] waive[] a due process challenge for want of minimum contacts by challenging the method of service in the special appearance."

*Case v. Grammar*, 31 S.W.3d 304, 311 (Tex.App.—San Antonio 2000, no pet.), *overruled on other grounds*, *BMC Software v. Marchand*, 83 S.W.3d 789 (Tex. 2002). "The trial court ... erred in determining that [Ds] waived their special appearances by using the discovery process to seek information pertaining to the merits of the case."

## TRCP 121. ANSWER IS APPEARANCE

An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.

History of TRCP 121 Adopted eff. Sept. 1, 1941, by order of Oct. 29, 1940 (3 Tex.B.J. 543 [1940]). Source: TRCS art. 2047 (repealed).

*Burrows v. Arce*, 997 S.W.2d 229, 246 (Tex.1999). "The filing of an answer dispenses with the necessity of service of citation."

*Moody Nat'l Bank v. Riebschlager*, 946 S.W.2d 521, 524 (Tex.App.—Houston [14th Dist.] 1997, writ denied). "In order for an act of the garnishee to constitute an appearance, it must seek a judgment or adjudication by the court on some issue. ... When a garnishee appears for the purpose of filing a motion to quash the garnishment, such an appearance does not confer jurisdiction on the court for all purposes, and does not operate as a waiver of an objection as to jurisdiction."

## TRCP 122. CONSTRUCTIVE APPEARANCE

If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

See *Commentaries*, "Motion to Quash—Challenging the Service," ch 3-I.
History of TRCP 122. Adopted eff. Sept. 1, 1941, by order of Oct. 29, 1940 (3 Tex.B.J. 543 [1940]) Source: TRCS arts 2048, 2092(8) (repealed)

*Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex.1985). "[A] non-resident [D], like any other [D], may move to quash the citation for defects in the process, but his only relief is additional time to answer rather than dismissal of the cause."

## TRCP 123. REVERSAL OF JUDGMENT

Where the judgment is reversed on appeal or writ of error for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed.

See *Commentaries*, "Motion to Quash—Challenging the Service," ch 3-I.
History of TRCP 123. Adopted eff. Sept. 1, 1941, by order of Oct. 29, 1940 (3 Tex.B.J. 544 [1940]) Source: TRCS art. 2049 (repealed)

*Ackerly v. Ackerly*, 13 S.W.3d 454, 458 (Tex.App.—Corpus Christi 2000, no pet.). "By attacking the judgment, [the husband] submitted himself to the jurisdiction of the district court. Therefore, upon remand, [the husband] is presumed to have entered his appearance, and no citation is required to be issued or served."

## TRCP 124. NO JUDGMENT WITHOUT SERVICE

In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules.

When a party asserts a counterclaim or a cross-claim against another party who has entered an appearance, the claim may be served in any manner prescribed for service of citation or as provided in Rule 21a.

See *Commentaries*, "Serving the Defendant with Suit," ch 2-H, "Default Judgment," ch 7-A.
History of TRCP 124 Amended eff. Apr. 1, 1984 by order of Dec. 5, 1983 (661-62 S.W.2d [Tex.Cases] xlii). The last sentence clarifies the present uncertainty as to whether service of a counterclaim must be by citation, amendment is that service of a counterclaim may be done in any manner prescribed for service of citation and also pursuant to TRCP 21(a) Adopted eff. Sept. 1, 1941, by order of Oct. 29, 1940 (3 Tex.B.J. 544 [1940]) Source TRCS art 2050 (repealed).

*Werner v. Colwell*, 909 S.W.2d 866, 869-70 (Tex. 1995). "[M]erely appearing as a witness in a cause



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK
CONFIDENTIAL DIVISION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

DATE 22 ENERO . 03

THE HONORABLE _____
Presiding Judge of the _357 TH.
Judicial Court
Cameron County, Texas

RECEIVED
CLERK OF DISTRICT COURT

JAN 2 R 2003

CAMERON COUNTY
BROWNSVILLE, TEXAS

RE: Request to Release Information Regarding:

Cause No. 2002 . 11 . 4528_E

In the Interest of:
DIEGO. ROBERTO. PURYEOR. MALDONADO
A Child

Person Requesting Information: _James Robert Puryear_

Relationship to Child: FATHER (BIOLOGICAL)

Identification Presented: WEST. TEXAS . DIGEST. 2d   VOL. 3 SA . 1999
(PROOF. OF. PROCESS AND
ENTIRE. FILE.)

Document Requested:

Purpose for Copy/Information: SERVICE. OF. (PROCESS -- PLAINTIFF'/ (I/G )
C.A. 5 (TEX) 1998 - DUE . DILIGENCE (REASONABLE
PROPER. PROCESS. PROCURES. PRIMARILY              AND/OR DELAY. OF PROCESS
PROPER. COURT. JURISDICTION. OR. WANT. THEREOF. (VILIGENCE)
                                                         (WANT. OF. DUE)

Signature of Person Requesting: _James Robert Puryear_

Address: 34. ELEANOR. COURT. BROWNSVILLE. TX. 75821. 2970342

Phone: 956 . 346 . 3279
            3265

AURORA DE LA GARZA, DISTRICT CLERK        APPROVED:        DENIED:

By: _____          _____
              Deputy                              District Judge

COURT
TAPE TRANSCRIPT. REQUESTED.

CHILD SUPPORT UNIT 0308E
955 WEST PRICE RD
BROWNSVILLE, TX 78520
Phone: (956)544-1751
Fax: (956)544-5921

**YOUR COPY**

**Attorney General of Texas**
CHILD SUPPORT DIVISION
**GREG ABBOTT**
Attorney General

AURORA DE LA GARZA
CAMERON COUNTY DISTRICT CLERK
CHILD SUPPORT DEPT
P O BOX 4119
BROWNSVILLE, TX 78523-4119

Date: _1-27-2003_

Custodial Parent: PAULA MALDONADO
Non-Custodial Parent: JAMES R PURYEAR
ATTORNEY GENERAL Case #: 0010001441/BRN
Cause #: 2002-11-4528-E

Dear AURORA DE LA GARZA:

Your assistance is requested in the above numbered cause as follows:

Please file the following:

1.      **TEMPORARY ORDER  ESTABLISHING THE PARENT-CHILD RELATIONSHIP**
2.      **FORM VS-165.1** *(District Clerk to complete & forward to Bureau of Vital Statistics)*

Please forward to the Judge for signature and **return a conformed copy** of the signed order to this office with file date stamped.

We have mailed copies of the Order to all interested parties.

Thank you for your cooperation.

Sincerely,

_____
GAIL J. KAHN/WARD WILLIAM ELMENDORF
Assistant Attorney General

/dby



OFFICE OF THE ATTORNEY GENERAL · CHILD SUPPORT DIVISION
**GREG ABBOTT**

Reply to:  955 West Price Road
Brownsville, Texas 78520
Phone: 956/544-1751
Fax: 956/546-9784

Date:  _1/25/03_

*James Puryear*
*34 Eleanor*
*Brownsville, Tx 78521*

RE:          OAG Account Number _0010001441_

A hearing in the above child support case has been scheduled before the Master's Court, 1st Floor, Central Juryroom of the Cameron County Courthouse, 974 E. Harrison, Brownsville, Texas, on the _27_ day of _March_, ~~2020~~ _2003_, at _8:00_ o'clock _A_ M. You are <u>required</u> to appear at this hearing.

<u>YOU SHOULD DRESS APPROPRIATELY FOR YOUR COURT APPEARANCE.</u>

Please contact this office at least two (2) working days prior to the court date for verification of this hearing and further instructions.

**PLEASE BE AWARE THAT OUR ATTORNEYS REPRESENT THE STATE OF TEXAS. THEY WILL PROVIDE YOU WITH CHILD SUPPORT SERVICES, BUT DO NOT REPRESENT YOU OR ANY OTHER INDIVIDUAL.**

*Lucianna B. Yzaguirre*

NCP Name:  *JAMES PURYEAR*
CP Name:  *PAULA MALDONADO*
OAG Number:  **0010001441/BRN**

CAUSE NUMBER 2002-11-4528-E

IN THE INTEREST OF

*DIEGO PURYEAR*

A MINOR CHILD

§   IN THE 357th JUDICIAL DISTRICT COURT

§            OF

§   CAMERON COUNTY, TEXAS

## PETITION. TO. REVOKE. RESCIND. VACATE / TRCP-124

NOW. COMES. THIS. RESPONDANT (PLAINTIFF). AND. PETITIONS. [R/P] [PRAYS]
SAID. HONEST. FAIR. HONORABLE. TRIBUNAL. TO. REVOKE.
RESCIND. VACATE. THE. ATTACHED. TEMPORARY. ORDER. ILLEGALLY
AND. ERRONEOUSLY. ENTERED. ON. VIERNES. 24. ENERO. 03. AND.
JUDGMENT. AND. REQUESTED. RELIEF. BE. ENTERED
FOR. RESPONDANT (PLAINTIFF). ON. THE. LEGAL. AND. [R/P]
LAWFUL (STATUTORY/CONSTITUTION). FOUNDATION.
OF. SAID. PETITION(S) ARE:

- 1 - NO. VALID. SERVICE. HAD. BEEN. EXECUTED.
  BY. ANY. PROCESS. SERVER. AND. THEREFORE
  PROOF. OF. SERVICE. IS. NON-EXISTANT. ON
  COURT. RECORDS. "ORDER. SUPERSTRUCTURE. FALLS."

TDRPC. RULES 8.03 - 8.04 - 8.05     TRCP-124

- 2 - FORMAL. SERVICE. HAD. NOT. BEEN. WAIVED.
  WAIVER. AND. PROOF. OF. SIGNING. ALONG.
  WITH. NOTARY. SEAL. IS. NON-EXISTANT
  ON. COURT. RECORDS. AND. COMPUTER. DOCKET. PAGE.

DRPC. RULES 3.04 3.05 3.06 3.09     AS. PERSONALLY. OBSERVED (NOTED).

- 3 - ATTORNEY. GENERAL. FORMALLY (IN. DUE. AND. FULLY
  [FULLY] TRANSPARENT LAWFUL. FORM). (TRANSPARENT.). ADVISED.
  THIS. HONORABLE. TRIBUNAL. THAT. NO. VALID

PAGE 2/4

PETITION TO REVOKE, RESCIND, VACATE
CAUSE: 2002.11.4528E    OAG.001000/441
OF. VIERNES. 24. ENERO. 03.

• 4 — STATUTORILY. AND. CONSTITUTIONALLY. SAID.
RULING. AND. IRREGULARITIES (s/c). PROMPT(S) AND
FORM(S). THE. LEGAL. FOUNDACION. TO. PETITION. THIS.
HONORABLE. TRIBUNAL. TO. REVOKE. RESCIND. VACATE.
TOTALLY. ON. SAID. "TRIBUNAL'S. OWN. MOTION."
SINCE. NO. LAWFUL AND. LEGAL. JURISDICTION.
WAS. CONFERRED. BY. ACCOMPLISHING. PROPER.
VALID. PROCESS. OR. OBTAINING. A. SIGNED. AND.
NOTARIZED. COPY. OF. A. WAIVER. OF. SERVICE.

• NO. PROCESS. OR. WAIVER. —— NO. JURISDICTION
TO. ENTER. SAID." TEMPORARY. ORDER. AND.
(2) FORM VS—165. 1. (INTERLOCUTORY)

• IT. NECESSARILY. FOLLOWS. THAT. THIS. HONORABLE.
TRIBUNAL. DOES NOT (DID NOT) HAVE. LEGAL.
AND. LAWFUL. JURISDICTION. TO. ENTER. A NULL.
AND. VOID. AND. INVALID (WITHOUT. BINDING. EFFECT.)
TEMPORARY. ORDER. FOR. RELIEF. SOUGHT. WHEN.
THE. ACTS. LEGISLATE. THE. MANNER. OF. DUE.
PROCESS. LAW. of. ASSEMBLY (STATUTE/CONSTITUTION) —— APART. FROM. THE. (ILLEGALITY) *
OF. SAID. TEMPORARY. ORDER. AND. ITS. PROVISIONS.
SUCH. INVALID. ORDER(S). PROMPT(S). THE. INVOKING. OF
• THE. U.S. FEDERAL. CONSTITUTION AND. ITS. GUARANTEES
IN. A. U.S. DISTRICT. COURT. WHERE. THE. VIOLA-
TION. OCCURRED. AND. REMENDY. (JURISDICTION) AND. RELIEF.
CAN. BE. REDRESSED. FOR. OFFICIAL. OPPRESSION.
AND. FRAUD. AND. THE. UNFAIR. ADMINISTRACION
OF. JUSTICE. IN. THE. PUBLIC. INTEREST. UNDER. COLOR. OF. LAW.

PAGE. 3/4    PETITION. TO. REVOKE. RESCD. VACATE.
CAUSE: 2002-11-4828E   OAG-001000/441

FROM. WHICH. THERE. IS. NO. IMMUNITY. FOR. ACTS.
BOTH. FRAUDULANT. AND. CRIMINAL. IN. NATURE.
AND. OUTSIDE. OF. THE. GUARANTEES. OF. THE.
U.S. FEDERAL. CONSTITUTION.

— RESPONDANTS. (PLANTIFF). PRAYER —
• WHEREFORE. THIS. RESPONDANT. (PLAINTIFF). PRAYS MOVES.
TO. PETITION. SAID. FAIR. HONEST. AND. HONORABLE.
TRIBUNAL. TO. REVOKE. RESCIND. VACATE. AND.
DECLARE. SAID. TEMPORARY. ORDER. NOT ONLY.
INVALID. BUT. ALSO. (ILLEGAL) BEING WITHOUT. PROOF.
OF. PROCESS. OR. WAIVER. AS MANDATED. BY.
LAW (S/C) INORDER. TO. CONFER. JURISDICTION.
ON. THIS. HONORABLE. TRIBUNAL. WHEN. THE.
ACTS. OF. ASSEMBLY. MANDATE. THE. LEGAL.
AND. LAWFUL. PROCEDURE. FOR. THE. COURT.
TO. PROPERLY. OBTAIN. ITS. JURISDICTION. OVER.
THE. RESPONDANT. (VOCO).

THE. COURT. CAN. NOT. OBTAIN. ITS. JURISDICTION.
BY. ARTIFICE. TRICKERY. DECEPTION. COERCION.
DURESS. FRAUD. AND. ULTIMATELY WITHOUT. DUE. PROCESS.
OF. LAW. AND. DOCUMENTED. PROOF. OF. SERVICE.
OF. PROCESS. OR. WAIVER. OF. SERVICE. IC RULE 4 FRCP
WHICH. ARE. BOTH NON. EXISTANT. RENDERS. SAID. ORDER. (TEMP.
OR PERMANANT) NULL. VOID AND. AND. INVALID. APART. FROM.
ITS. (ILLEGALITY) *

• WHEREFORE — THIS. RESPONDANT. (PLAINTIFF). PETITIONS.
AND. PRAYS

PAGE: 4/4    PETITION TO REVOKE. RESCIND. VACATE.
           CAUSE: 2002-11-4528-E.   0010001401-806.

THIS. FAIR. HONEST. HONORABLE. TRIBUNAL. WHO.
                                            (JURIST)
- WITH. HAVING. A. THOROUGH. KNOWLEDGE. OF. LAW.
RELATING. TO. JURISPRUDENCE. (A. SYSTEM. OF. LAWS).
FOR. THE. FAIR. AND. EQUAL (JURISTIC). ADMINISTRA-
TION. OF. JUSTICE. IN. THE. INTEREST. OF.
PUBLIC. POLICY. AND. LEGAL. REASONS — TO.
SET. ASIDE. IT'S. TEMPORARY. ORDER. AND.
• JUDGMENT. AND. RELIEF. (DAMAGES, P/C.)
BE. ENTERED. AS. A. REMEDY. AND. RESOLUTION.
FOR. SAID. TEMPORARY. ORDER. ENTERED. BY.
      (WANT. OF. DUE. DILIGENCE) (VIGILANCE)
MISAPPREHENSION. OF. HOW. TO. OBTAIN.
TRIBUNAL. JURISDICTION. OVER. THIS. RESPONDANT.
(PLAINTIFF). WHO. SUBJECTED. HIMSELF. TO. THIS.
HONORABLE. TRIBUNAL. BY. HIS. VOLUNTARY.
                    (JURIST)
APPEARANCE. (AS. IT. COULD. NOT. BE. OTHERWISE.)
AND. WAS. IN. FULL. DOCUMENTED. EVIDENCE.
AND. COMPLIANCE. TO. PRODUCE. REQUIRED.
(MANDATED). DOCUMENTS. FOR. SAID. COURT. NAMELY.
"REQUEST. FOR. PRODUCTION. OF. DOCUMENTS.
AND. APPLICATION. FOR. TEXCARE — A. PRIVATE. HEALTH.
COVERAGE. AND. OTHER. PERTINANT. DOCUMENTS. ON.
                                    A/K/A
COURT. FILE. IN. THE. INTEREST. OF. (PRAYER). AND.
- STATEMENT. CONCERNING. ALTERNATIVE. DISPUTE.
RESOLUTION. METHODS. AND. RESPONDANT'S. EXHIBIT.
WERE. PRODUCED. IN. GOOD. FAITH. TO. RESOLVE.
BEFORE. BOTH. PROCEEDINGS. WITHOUT. THE.
UNNECESSARY. NECESSITY. OF. COURT. INTERVENTION.
JUDGMENT (FAIR. EQUITABLE) AND. RELIEF. BE. ENTERED. FOR.
SAID. RESPONDANT (PLAINTIFF). DATED. @ BROWNSVILLE. TEXAS. —
THIS. 25TH. DAY. OF. ENERO. 03. By/s/ James R. Dwyear PRO. SE.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEJAS (BROWNSVILLE)

JAMES ROBERT PURYEAR QUI TAM

Ex Rel UNITED STATES OF AMERICA

CIVIL ACTION NO. B.03.236

vs.

TEXAS STATE COURT ORDER
CAUSE 2002.11.4528-E

1. NOW COMES THE PLAINTIFF, PRO SE, TO PRESENT A LIST OF JUDICIAL TORTS AND EXHIBITS, PRIOR TO PROCEEDINGS AND W/OUT HAVING ACCOMPLISHED VALID JURISDIC-CION

(TORT) = EVIDENCES OF JUDICIAL INTRINSIC FRAUD BEFORE ATTEMPTING PROCESS

(TORTS) AND VOID JUDGMENTS.

LIST OF FRAUD EXHIBITS:

A - FAKE TX DRIVER'S LICENSE NUM 5056654 ASSIGNED.

B - PERJURIED COURTS FINDINGS OF HEALTH INSURANCE AVAILABILITY EXHIBIT ATTACHED.

C - TRIAL COURT PREVENTED THE PROCESSING OF STATE TEXCARE PARTNERSHIP APPLICACION BEFORE ATTEMPTING PROCESS OF CITACION EXHIBITS.

D - DENIAL OF DISCOVERY MOTION (WRITTEN)

E - ENTRY OF "FINAL" ORDER W/OUT HAVING LEGAL JURISDICCION TO ACT AND NO WAIVER OF DEFECTIVE SERVICE "FALSITY"/"TAMPERING" FRCP RULE 4(L)(m)

F - U.S. MAIL FRAUD (EXTORCION) EXHIBITS    5 COUNTS

_Jamie Puryear_
Signature

P.O.B. 8976

Brn 78526 8976
Address

956.346.3265
Telephone Number

THE TRIAL COURT MUST HAVE LEGAL JURISDICCION OVER THE RESPONDANT, IF NOT THE JUDGMENT IS VOID ON THE SURFACE W/OUT GOING OUTSIDE OF COURT RECORD.    TORT LIABILITY AVAILABLE (PERMITTED BY LAW)

JAMES PURYEAR
Print your name

## FINDINGS ON HEALTH INSURANCE AVAILABILITY

The Court FINDS:

(Check only one of the following)

1. ___ (a) Health insurance is available or is in effect for the child(ren) through *JAMES R PURYEAR*'s employment or membership in a union, trade association, or other organization at a reasonable cost to *JAMES R PURYEAR*, and (b) *JAMES R PURYEAR* should be ordered to provide such insurance.

2. ___ (a) Health insurance ... health insurance ... employment or ... *MALDONADO* ... ordered to pay a ...

... URYEAR's employment; ... *PAULA MALDONADO* ...tion; (c) *PAULA* ...*R PURYEAR* should be or...surance.

3. ___ (a) Health insur... nor *PAULA MA*... organization; (b ... cost; and (c) *JA*...

... hrough *JAMES R PURYEA*... association, or other ... n another source at a reasonabl... nce.

4. _xx_ (a) Neither parent has access to private health insurance at a reasonable cost; (b) *PAULA MALDONDO* should be ordered to apply immediately or maintain on behalf of the child(ren) for participation in a medical assistance program pursuant to Chapter 32, Human Resources Code, or the state child health pl... pursuant to Chapter 62, Health and Safety Code.

---

People's Prescription Plan

IDENTIFICATION
A55762700

PEPL    0001
DIEGO PURYEAR

☀ AdvancePCS

