4

United States District Court
Southern District of Texas
FILED
MAY 2 4 2004
Michael N. Milby
Clerk of Court

UNITED. STATES. DISTRICT. COURT

SOUTHERN. DISTRICT. OF TEXAS
BROWNSVILLE. DIVISION

JAMES ROBERT. PURYEAR. QUI. TAM
EX REL: UNITED. STATES. OF. AMERICA

V

- TX. STATE. COURT. ORDER

CAUSE: 2002.11.4528 E

- OAG: FILE # 0010001441

CASE. NO.
B-03-236.

... MOTION. TO. WITHDRAW ...

- NOW, COMES JAMES. R. PURYEAR. PRO SE. AND. MOTIONS THIS. HONORABLE. TRIBUNAL. TO. WITH. DRAW. CAMERON. COUNTY. SHERIFF. CONRADO. M. CANTU. NAME(S). AS. DEFENDANT. IN. THIS. INSTANT. CASE.
- THE. VALID. REASON (CAUSE). BEING, THAT. THE. 'WORD.' "DEFENDANT," APPEARED. ON. THE. ONLY FORM. AVAILABLE. IN. THE. CLERK'S. OFFICE. AND. THAT. (TO: NAME. AND. ADDRESS. OF. DEFENDANT, COULD. NOT. BE. "WHITENED" OUT ON. THIS. FORM. AS. PER. CLERK'S. INSTRUCTION. AT. THE. TIME. OF. FILING.
- ONLY. FOLLOWING. INSTRUCTION. OF. THE. CLERK.
- ALTHOUGH. AND. MOST. REVELANT - THE. COMPLAINT. SPECIFICALLY. NAMED. WHAT. (WHO) THE. DEFENDANT(S). ARE. AND. THIS DID. NOT. INCLUDE. SHERIFF. CONRADO. M. CANTU. OR. THE. COUNTY. AS. WAS. CLEARLY. EXPLAINED WHEN. PERSONAL. SERVICE. WAS. "REFUSED".

RESPECTFULLY SUBMITTED,

[signature]

P O Box 8976
BROWNSVILLE, TX
956.541.0360 (346.3265)
JAMES R. PURYEAR

24. MAYO. 04

To Protect & Serve

954 East Harrison Street
Brownsville, Texas 78520
956.550.7290
956.544.0878 Fax



608 East Harrison Street
Harlingen, Texas 78550
956.427.8060
Fax 956.412.1402

CONRADO M. CANTU
Sheriff

Appear on face. That which is clear and apparent from a reading of the document. A defect in process or venue which can be gleaned from examining the pleadings and which does not require going outside the record. *also* Apparent.

DATE: FEB. 27, 2004

CS: JAMES PURYEAR
RE: 2002114528E

"Rules relating to service of process are mandatory, and a failure to comply therewith, if a judgment be rendered against a party who was not served in accordance with those rules (and who did not waive service of citation or appear voluntarily) renders the judgment void."

TRCP 124. NO JUDGMENT WITHOUT SERVICE

In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules.

Enclosed please find papers for the above entitled and numbered case, in which service was attempted as we were unable to execute, due to:

_____ UNABLE TO OBTAIN INFORMATION AS TO WEREABOUTS OF THIS PERSON.

XXX UNABLE TO LOCATE PERSON IN CAMERON COUNTY

_____ MOVED: NEW ADDRESS IS ____________________

_____ MOVED: NO FORWARDI

_____ WAS RECA

TRCP 99. ISSUANCE & FORM OF CITATION

The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition.

*Mays v. Perkins*, 927 S.W.2d 222, 225 (Tex.App.-Houston [1st Dist.] 1996, no writ). "A defendant's appearance before a court generally indicates a submission to the court's jurisdiction. However, the mere presence in court by an attorney, retained as counsel by person formerly a party to the lawsuit, does not constitute a general appearance, unless the attorney seeks judgment or an adjudication on some question."

O'CONNOR'S TEXAS RULES

XXX OTHER: OFFICER LELINA URIBE WAS UNABLE TO SERVE CITATION, NO CONTACT WITH MR. PURYEAR. HOWEVER, MR. PURYEAR APPEARED IN COURT ON SET DATE JANUARY 24, 2003.

TRCP 120a, 124

If this department may be of any further service do not hesitate to call or write or office.

TRCP 300-316 §2.3

Sincerely Yours,

TRCP 120a. SPECIAL APPEARANCE

1. Notwithstanding the provisions of Rules 121, 122 and 123, a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person

(4.) If the court sustains the objection to jurisdiction, an appropriate order shall be entered. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State.

See CPRC §§17.041-17.042, 51.014(a)(7); *Commentaries*, "Special Appearance—Challenging Personal Jurisdiction," ch. 3-B; FORMS 3B.

Conrado M. Cantu, Sheriff
Cameron County, Texas

BY: [signature]
MONICA SERRA
CIVIL PROCESS CLERK

CAMERON COUNTY SHERIFF'S DEPARTMENT
*Open Door Policy*

"It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished. This responsibility extends to seeing that service is properly reflected in the record."

not object to an unverified special appearance, and sworn proof is presented at the hearing, the issue is tried by consent. *General Refractories*, 8 S.W.3d at 820 n.1. If the special appearance motion is not verified, and no sworn proof attests to the veracity of the statements in the motion (either by affidavit or at the hearing), the court should deny the motion. *See Casino*, 43 S.W.3d at 18.

§2.5 **Affidavits.** The defendant should file affidavits with the special appearance to provide evidentiary support for the factual allegations. See "Affidavits," §8.3.3, p. 148.

§2.6 **Request hearing.** The defendant must ask for and secure a hearing. *Bruneio v. Bruneio*, 890 S.W.2d 150, 154 (Tex.App.—Corpus Christi 1994, no writ). If a defendant proceeds to trial without a ruling on the special appearance, it has made a general appearance and waives the issue of lack of personal jurisdiction. *Id.*; *Seeley v. Seeley*, 690 S.W.2d 626, 627-28 (Tex.App.—Austin 1985, no writ).

§2.7 **Amending the special appearance.** A defendant may amend a special appearance. TRCP 120a(1); *see Dawson-Austin*, 968 S.W.2d at 322 (amendment to add verification permitted after hearing but before entering a general appearance).

§3. WAIVER OF SPECIAL APPEARANCE

§3.1 **Consent to jurisdiction.** A defendant waives the issue of personal jurisdiction by executing a contract with a forum-selection clause selecting Texas as the forum. *Abacan Tech. Servs. Ltd. v. Global Mar. Int'l Servs. Corp.*, 994 S.W.2d 839, 843-44 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

§3.2 **Failure to observe due order of pleadings.** A defendant waives its objection to personal jurisdiction if it files its special appearance after any other pleading. See "Due Order of Pleadings," ch. 3-A, §3, p. 137.

§3.3 **Making a general appearance.** A defendant waives its objection to personal jurisdiction by making a general appearance. *Von Briesen, Purtell & Roper v. French*, 78 S.W.3d 570, 575 (Tex.App.—Amarillo 2002, pet. dism'd). Every appearance before judgment that does not comply with TRCP 120a is a general appearance. *Gutierrez v. Deloitte & Touche*, ___ S.W.3d ___ (Tex.App.—San Antonio 2002, n.p.h.) (No. 04-01-00637-CV; 3-27-02); *Estate of Griffin v. Sumner*, 604 S.W.2d 221, 227 (Tex.App.—San Antonio 1980, writ ref'd n.r.e.). If an appearance invokes the trial court's judgment on any question other than the court's jurisdiction, it is a general appearance. *Gutierrez*, ___ S.W.3d at ___; *Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex.App.—El Paso 1994, writ denied).

§3.4 **Avoiding waiver of special appearance.** A defendant does not make a general appearance (and waive its objection to personal jurisdiction) by any of the following actions.

1. **Filing certain pleadings.** The defendant may file other pleadings and motions after the special appearance, asking for certain types of intermediate relief (*e.g.*, a motion for continuance). So long as the document neither acknowledges the trial court's jurisdiction nor seeks court action other than a dismissal for lack of jurisdiction, the defendant's right to a special appearance will not be waived. *See, e.g., GFTA Trendanalysen B.G.A. v. Varme*, 991 S.W.2d 785, 786-87 (Tex.1999) (D did not consent to personal jurisdiction by challenging service in its special appearance).

**NOTE**

*In pleadings filed after the special appearance, the defendant is not required to include the statement that the pleading filed is "subject to the ruling on the special appearance" as long as the pleading does not acknowledge jurisdiction nor ask for some action other than dismissal for lack of jurisdiction. See Dawson-Austin, 968 S.W.2d at 322-23.*

2. **Removing case to federal court.** A defendant may file a notice of removal to federal court before the special appearance without waiving the special appearance or the motion to transfer venue. *Antonio*, 910 S.W.2d at 629.

RECEIVED
OCT 23 2003
COUNTY JUDGE

Service: **Get by LEXSEE®**
Citation: **907 s w 2d 484**

*907 S.W.2d 484, *; 1995 Tex. LEXIS 88, **;*
*38 Tex. Sup. J. 784*

STATE OF TEXAS EX REL. LORRAINE O. LATTY, PETITIONERS v. KRIS OWENS, RESPONDENT

No. 95-0321

SUPREME COURT OF TEXAS

907 S.W.2d 484; 1995 Tex. LEXIS 88; 38 Tex. Sup. J. 784

June 8, 1995, Delivered

**PRIOR HISTORY:** **[**1]** ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** The state sought review by application for writ of error from the Court of Appeals, Sixth District (Texas), wherein the case had been reversed and remanded to the district court as the discovery sanctions imposed, in the state's suit for child support against respondent putative father, were an abuse of discretion. The dis... order appealed from issued after an order had been signed adopting the m...

Civil Procedure > Relief From Judgment > Void Judgments
*HN2* A judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court. Mere failure to follow proper procedure will not render a judgment void. More Like This Headnote

**O**... error from the court of a... request c... ĉ... t...

Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule
Civil Procedure > Appeals > Reviewability > Time Limitations
*HN3* An order which purports to dispose of all issues and all parties is a final appealable order. Errors other than lack of jurisdiction must be attacked within the prescribed time limits. More Like This Headnote

was sig... 329b(d) and thus, the co... the appeal. The Supreme Court furthe... challenged the order by a bill of review under Tex. R. Civ. ... document in the record that could have been construed as a bill of review.

**OUTCOME:** The state's application for writ of error was granted and, without oral argument, the judgment of the court of appeals was reversed and the appeal from the judgment of the district court was dismissed under the rules of appellate procedure, as the court of appeals lacked jurisdiction to consider the merits of the appeal where the order appealed from was void as it was signed after the district court's plenary jurisdiction expired.

**CORE TERMS:** per curiam, void, first order, paternity, discovery, expired, court of appeals, appealable order, timely appealed, de novo hearing, order appealed, child support, recommendations, plenary, declare, signing

**LexisNexis (TM) HEADNOTES - Core Concepts -** ✦ Hide Concepts

the cause a verified written memorandum 'signed by him, or by his duly authorized agent or attorney, after suit is brought.' Article 2224 [now CPRC §30.001] prohibits the waiver of process by an instrument executed prior to institution of suit." *See also* ***Tidwell v. Tidwell***, 604 S.W.2d 540, 541 (Tex. App.—Texarkana 1980, no writ).

### TRCP 119a. COPY OF DECREE

The district clerk shall forthwith mail a certified copy of the final divorce decree or order of dismissal to the party signing a memorandum waiving issuance or service of process. Such divorce decree or order of dismissal shall be mailed to the signer of the memorandum at the address stated in such memorandum or to the office of his attorney of record.

History of TRCP 119a: Adopted eff. Jan 1, 1955, by order of July 20, 1954 (17 Tex B J 567 [1954]) Source. New rule.

### TRCP 120. ENTERING APPEARANCE

The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law.

See *Commentaries*, "Default Judgment," ch. 7-A.
History of TRCP 120: Adopted eff Sept. 1, 1941, by order of Oct. 29, 1940 (3 Tex B.J 543 [1940]) Source. TRCS art. 2046 (repealed)

***Mays v. Perkins***, 927 S.W.2d 222, 225 (Tex.App.—Houston [1st Dist.] 1996, no writ). "A defendant's appearance before a court generally indicates a submission to the court's jurisdiction. However, the mere presence in court by an attorney, retained as counsel by a person formerly a party to the lawsuit, does not constitute a general appearance, unless the attorney seeks a judgment or an adjudication on some question."

***Gonzalez v. Phoenix Frozen Foods, Inc.***, 884 S.W.2d 587, 589 (Tex.App.—Corpus Christi 1994, no writ). "A defendant's appearance in open court shall have the same force and effect as if the citation had been duly issued and served as provided by law."

### TRCP 120a. SPECIAL APPEARANCE

1. Notwithstanding the provisions of Rules 121, 122 and 123, a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State. A special appearance may be made as to an entire proceeding or as to any severable claim involved therein. Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance; and may be amended to cure defects. The issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance. Every appearance, prior to judgment, not in compliance with this rule is a general appearance.

2. Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard. No determination of any issue of fact in connection with the objection to jurisdiction is a determination of the merits of the case or any aspect thereof.

3. The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony. The affidavits, if any, shall be served at least seven days before the hearing, shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify.

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Should it appear to the satisfaction of the court at any time that any of such affidavits are presented in violation of Rule 13, the court shall impose sanctions in accordance with that rule.

4. If the court sustains the objection to jurisdiction, an appropriate order shall be entered. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State.

See CPRC §§17 041-17 042, 51 014(a)(7). *Commentaries*, "Special Appearance—Challenging Personal Jurisdiction," ch 3-B, FORMS 3B.

History of TRCP 120a. Amended eff Sept. 1, 1990, by order of Apr 24, 1990 (785-86 S W.2d [Tex.Cases] xlviii). Section 3 was added and former section 3 renumbered to section 4, provides for proof by affidavit at special appearance hearings, with safeguards to responding parties; and preserves Texas' prior practice to place the burden of proof on the party contesting jurisdiction. Amended eff Sept. 1, 1983, by order of June 15, 1983 (651-52 S.W.2d [Tex.Cases] xxxviii) To conform to S.B 898, 68th Legislature, 1983. Amended eff Jan 1, 1976, by order of July 22, 1975 (525-26 S.W.2d [Tex.Cases] xlvii): Words are added in the third sentence of par 1 which permit amendments to the special appearance motion. Adopted eff Sept. 1, 1962, by order of Apr. 12, 1962 (25 Tex.B.J 372 [1962]) Source· New rule

*General*

***American Type Culture Collection, Inc. v. Coleman***, 83 S.W.3d 801, 809-10 (Tex.2002). "Although the quantity of [D's] contacts may suggest that [D] had a significant relationship with Texas, we are not concerned with the quantity of contacts. Instead, we must look to the quality of those contacts. [D] does not advertise in Texas, has no physical presence in Texas, performs all its business services outside Texas, and carefully constructs its contracts to ensure it does not benefit from Texas laws. Under these circumstances, we must conclude that [D's] contacts with Texas were not continuous and systematic.

***BMC Software v. Marchand***, 83 S.W.3d 789, 794 (Tex.2002). The "courts of appeals [should] review the trial court's factual findings for legal and factual sufficiency and review the trial court's legal conclusions de novo. [¶] Whether a court has personal jurisdiction over a defendant is a question of law. However, the trial court frequently must resolve questions of fact before deciding the jurisdiction question."

***CMMC v. Salinas***, 929 S.W.2d 435, 439 (Tex.1996). "[D's] mere knowledge that its winepress was to be sold and used in Texas and its wiring the machine for use in the U.S. were not sufficient to subject [D] to the jurisdiction of Texas courts. *At 440:* A manufacturer cannot fairly be expected to litigate in every part of the world where its products may end up; its contacts with the forum must be more purposeful … before it can constitutionally be subjected to personal jurisdiction."

***CSR Ltd. v. Link***, 925 S.W.2d 591, 595-96 (Tex. 1996). "[D] should not be subject to the jurisdiction of a foreign court based upon 'random,' 'fortuitous,' or 'attenuated' contacts. Minimum contacts are particularly important when [D] is from a different country because of the unique and onerous burden placed on a party called upon to defend a suit in a foreign legal system. [¶] [T]he record contains no evidence that CSR [an Australian company] took any act purposefully directed toward selling or distributing the raw asbestos fiber in Texas."

***Schlobohm v. Schapiro***, 784 S.W.2d 355, 358 (Tex. 1990). The Texas standard for jurisdiction over a nonresident D requires: "(1) The nonresident [D] or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) The cause of action must arise from, or be connected with, such act or transaction; and (3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice…. [¶] [However], we modify the second part … to state that jurisdiction may also arise from the continuing and systematic contacts of [D] with Texas, even if the cause of action does not arise from a specific contact." *See also* ***Guardian Royal Exch. Assur. v. English China Clays***, 815 S.W.2d 223, 226 (Tex.1991).

*Pleadings*

***Dawson-Austin v. Austin***, 968 S.W.2d 319, 322-23 (Tex.1998). The Supreme Court held: (1) an unverified special appearance may be amended to cure the defect, even after the trial court has overruled it, as long as the amendment is filed before the D enters a general appearance; and (2) it is not necessary for the answer and other motions filed in the same instrument with the special appearance to contain "subject to" language.

***Casino Magic Corp. v. King***, 43 S.W.3d 14, 18 (Tex. App.—Dallas 2001, pet. denied). TRCP 120a "requires special appearances to be made by 'sworn motion.' Strict compliance with the rule is required. [¶] In this case, the special appearance was not sworn or verified. Although [D] attached an affidavit to the special appearance which set out various jurisdictional facts, in that affidavit [D's] general counsel stated only that the allegations in the *affidavit* were true and correct, not that the facts set out in the *special appearance* were true

RECEIVED
OCT 23 2003
COUNTY JUDGE

**SOLOMON P. ORTIZ**
27TH DISTRICT, TEXAS

2304 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-4327
202-225-7742

DISTRICT OFFICES:
3649 LEOPARD, SUITE 510
CORPUS CHRISTI, TX 78408
361-883-5868

3505 BOCA CHICA BOULEVARD, SUITE 200
BROWNSVILLE, TX 78521
956-541-1242

# Congress of the United States
## House of Representatives
Washington, DC 20515-4327

COMMITTEES
ARMED SERVICES
SUBCOMMITTEES
RANKING MINORITY, MILITARY READINESS
MILITARY INSTALLATIONS AND FACILITIES
MORALE, WELFARE AND RECREATION PANEL
RESOURCES
SUBCOMMITTEES
ENERGY AND MINERAL RESOURCES
FISHERIES, CONSERVATION, WILDLIFE, AND OCEANS

March 22, 2004

Eng. James Puryear
P.O. Box 8976
34 Eleanor Court
Brownsville, Texas 78526

Dear Eng. Puryear:

Thank you for contacting my office concerning the problem that you are experiencing Brownsville. I appreciate the opportunity to be of assistance.

Unfortunately the matter that you are concerned with is a legal matter and is not within my jurisdiction. However, I have taken the liberty of forwarding your letter to Legal and requested that they respond directly to you.

Please do not hesitate to contact my office if I can be of any assistance in any matter that is within my jurisdiction.

With kindest personal regards, I am
Letter begins here.

Sincerely,

Solomon P. Ortiz
Member of Congress

SPO:jht

SOLOMON P. ORTIZ
27TH DISTRICT, TEXAS

2304 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-4327
202-225-7742

DISTRICT OFFICES:
3649 LEOPARD, SUITE 510
CORPUS CHRISTI, TX 78408
361-883-5868

3505 BOCA CHICA BOULEVARD, SUITE 200
BROWNSVILLE, TX 78521
956-541-1242

# Congress of the United States
## House of Representatives
## Washington, DC 20515-4327

COMMITTEES
ARMED SERVICES
SUBCOMMITTEES
RANKING MINORITY, MILITARY READINESS
MILITARY INSTALLATIONS AND FACILITIES
MORALE, WELFARE AND RECREATION PANEL
RESOURCES
SUBCOMMITTEES:
ENERGY AND MINERAL RESOURCES
FISHERIES, CONSERVATION, WILDLIFE, AND OCEANS

October 14, 2003

Eng/ Prof. James Puryear
34 Eleanor Court
Brownsville, Texas 78520

Dear Eng/ Prof. Puryear:

Thank you for contacting my office concerning the problem that you are experiencing the problem you are having is a legal problem, I can help you with this one. I appreciate the opportunity to be of assistance.

Unfortunately the matter that you are concerned with is a legal matter and is not within my jurisdiction. However, I have taken the liberty of forwarding your letter to Offices of Cameron County and requested that they respond directly to you.

Please do not hesitate to contact my office if I can be of any assistance in any matter that is within my jurisdiction.

With kindest personal regards, I am
Letter begins here.

Sincerely,

Solomon P. Ortiz
Member of Congress

SPO:jht