THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | |
|---|---|
| JAMES R. PURYEAR,<br>Plaintiff | §<br>§<br>§ |
| v. | §     CIVIL ACTION NO. B-03-236 |
| CAUSE NO. 2002-11-4528-E, et al.,<br>Defendants. | §<br>§<br>§ |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff James R. Puryear filed the above-referenced civil cause of action in federal district court. His suit generally alleges that he did not receive valid service of process in a Texas state court proceeding. The only Defendant that has responded, Cameron County, Texas, has filed a Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 2). For the following reasons, the Court recommends that the Motion to Dismiss be granted, and that any portion of the case that remains after the 12(b)(6) motion is granted be dismissed sua sponte for failure to state a claim.

### BACKGROUND

Puryear brought suit and named a Texas state court order as the defendant. The underlying state court action pertained to a suit affecting the parent-child relationship. According to Puryear, he was not properly served in that suit, and as a result he asserts that he suffered violations of Fed. R. Civ. P. 4; the United States Code in general; the Constitution of the United States; and apparently 28 U.S.C. § 1738 and 18 U.S.C. § 1501.

Although Puryear did not name any individual defendants in his complaint, he did do so in his civil summons. Included in the civil summons were numerous local, state and federal

officials and governmental bodies.

As previously mentioned, Cameron County, Texas, is the only defendant that has responded to Puryear's complaint, which they accomplished via a 12(b)(6) motion to dismiss. Given the information available in the record, it appears that none of the other defendants have been properly served.

## DISCUSSION

A. Cameron County's 12(b)(6) Motion to Dismiss.

Upon consideration of a motion to dismiss, the Court must presume all well-pleaded facts in a plaintiff's complaint to be true and must resolve any ambiguities or doubts regarding the sufficiency of his claims in his favor. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Further, the Court may not dismiss the complaint under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, Plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal for failure to state a claim. *Kane Enterprises*, 322 F.3d at 374; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

In the case at hand, the Plaintiff has pled no facts –and indeed, there are no facts that could be pleaded– that would subject Cameron County to liability. In fact, Cameron County has shown that the Plaintiff appeared in open court during the state court proceedings at issue in this

case. According to the Texas Rules of Civil Procedure, a personal appearance in open court "shall have the same force and effect as if the citation had been duly issued and served as provided by law." Tex.R.Civ.P. 120.

Because the state court record clearly shows that Puryear appeared before the trial court and because the record does not indicate that a special appearance was filed, it is clear that Plaintiff cannot state a claim regarding improper service of process. In other words, even the most sympathetic reading of Plaintiff's pleadings uncovers no facts that would subject the present defendants to liability. *Jacquez*, 801 F.2d at 791-92. Accordingly, the defendant's 12(b)(6) motion to dismiss should be granted.

B. The Remaining Defendants.

As stated above, none of the various other defendants named in the Plaintiff's civil summons have responded to Puryear's complaint. It appears that lack of response is attributable to –ironically– the fact that the other defendants were not properly served. Regardless of the propriety of service, however, this Court is prepared to suggest a course of action for dealing with the remainder of this case.

A district court may sua sponte dismiss a complaint for failure to state a claim. *See Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir.1991), *cert. denied*, 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992); *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883, 887 (5th Cir. 1989); *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir.1984).

In the case at hand, it has already been determined that Plaintiff cannot state a claim with regard to improper service of process against Cameron County because his appearance had the same effect as service. *See* Tex.R.Civ.P. 120. Such a determination applies at least as equally to

the other putative defendants in this case, and accordingly, the case should be dismissed sua sponte in its entirety for failure to state a claim. *Shawnee Int'l, N.V.*, 742 F.2d at 236.

## RECOMMENDATION

For the aforementioned reasons, the Court RECOMMENDS that the 12(b)(6) motion filed by Cameron County, Texas (Docket Entry No. 2) be GRANTED. Furthermore, it is also RECOMMENDED that any remaining portion of the case be DISMISSED sua sponte for failure to state a claim.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 31st day of August, 2004.

Felix Recio
United States Magistrate Judge